Newill *v.* Piccolomini et al., Appellants.

Argued April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard F. Flickinger,* with him *Flickinger & Flickinger,* for appellants.

*Patrick Riley,* with him *Robert M. Carson, William J. Ober, B. Patrick Costello,* and *Costello & Berk,* for appellee.

OPINION PER CURIAM, June 21, 1974:

This action was originally commenced by a Complaint in Equity filed on February 27, 1969. Through a complicated course of events including the certification of the case to the law side of the Court of Common Pleas of Westmoreland County, the issue now existing before us has arisen from the partial granting of appellee's Motion for Summary Judgment.

No useful purpose would be served in reciting the complicated and voluminous pleadings, hearings and opinions that this record presents. For the purposes of this opinion the action divides itself into an issue of ownership of certain coal rights and, assuming ownership of such coal rights to be in the appellees, the damages to which appellees may be entitled for the alleged wrongful taking of this coal by appellants.

On September 17, 1973 the lower court granted appellees' Motion for Summary Judgment as to the issue of ownership of the coal rights only. This order reads as follows: "AND NOW, this 17th day of October, 1973, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment as to the issue of Ownership is granted. The Prothonotary is directed to place this case on the next trial list for the purpose of assessing damages."

This order is entered in accordance with Rule 1035 of the Pennsylvania Rules of Civil Procedure. Rule 1035(b) specifically authorized the entry of Summary Judgment in the nature of a split judgment. Rule 1035 (b) states in part ". . .[a] summary judgment, inter-

222

locutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

It is clear that the order of October 17, 1973 which forms the basis of this appeal is interlocutory; and, therefore, the appeal must be quashed.

Appeal quashed.