435 A.2d 1290

**Albert L. INSELBERG,**

**v.**

**EMPLOYERS MUTUAL COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Oct. 16, 1981.

Leonard S. Lipson, Philadelphia, for appellant.

William H. Bishop, III, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

 Appellee brought this action in assumpsit against appellant, his No-Fault insurer, alleging that he had been injured while stepping from his automobile onto a snow-covered curb. Appellant denied liability and subsequently moved for summary judgment, contending that the injury did not arise out of the operation, maintenance or use of a motor vehicle. 40 P.S.A. § 1009.103. Appellee filed a cross-motion for summary judgment, contending that his injuries were compensable under the No-Fault Act.[1] The lower court denied appellant's motion and granted appellee's cross-motion as to liability only. Appellant then took this appeal in which it challenges the granting of appellee's motion for summary judgment and the denial of its motion. Because we find the appeal to be premature, we do not address the merits of appellant's contentions and, instead, quash the appeal. *See* 42 Pa.C.S.A. § 704(b)(2); *Gurnick v. Government Employees Insurance Company*, 278 Pa.Super. 437, 439

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101, *et seq.*

n.2, 420 A.2d 620, 621 n.2 (1980) (Superior Court may raise an issue of its jurisdiction *sua sponte*).

Rule 1035(b) of the Rules of Civil Procedure permits a court to grant summary judgment with respect to liability only: "A summary judgment, *interlocutory in character*, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.) Such an order is, by definition, "interlocutory in character" and clearly nonappealable.[2] *See Williams v. Erie Insurance Exchange*, 290 Pa.Super. 279, 434 A.2d 752 (1981); *Newill v. Piccolomini*, 228 Pa.Super. 220, 323 A.2d 40 (1974); 2 Goodrich-Amram 2d § 1035(b):10 (1976); 2B Anderson, Pennsylvania Civil Practice § 1035.25 (1969). Similarly, an order refusing a motion for summary judgment is interlocutory and nonappealable (absent certification) until a final order is entered. *See Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978); *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174 (1975). Accordingly, the entire appeal is premature and must be quashed.

Appeal quashed.

2. A summary judgment as to liability only, would be appealable if it were certified pursuant to 42 Pa.C.S.A. § 702(b). Appellant has failed to perfect our jurisdiction pursuant to that statute, however.