442 A.2d 1144

**Thomas C. SWIFT**

v.

**Robert MILNER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 15, 1981.

Filed March 12, 1982.

Heywood Eric Becker, New Hope, for appellant.

John Mongiovi, Lancaster, for appellee.

Before WICKERSHAM, BECK and POPOVICH, JJ.

WICKERSHAM, Judge:

Thomas C. Swift, appellee, brought suit in assumpsit against Robert Milner in the Court of Common Pleas of Lancaster County alleging, inter alia, that they had entered into an agreement to purchase properties at the tax sale to be held at the Lancaster County Courthouse on October 16, 1976 and become equal owners of the properties so purchased. Pursuant to such agreement, a certain sixteen acre tract of land was purchased by the said Robert Milner for the purchase price of $128.89. The complaint alleged further that it had been understood and agreed between appellant and appellee (and three other partners in the venture) that property bought at the tax sale of October 16, 1976 could be purchased in the name of one individual, yet at the same time all of the parties would be equal owners of the

property purchased. It was further alleged in the complaint that contrary to the agreement of the parties, Robert Milner, after the tax sale of October 16, 1976, obtained title in his own name and appropriated the sixteen acre tract of land to his own use and denied the other four partners any use or interest therein. Finally, it was alleged that the value of the purchase was at least $5,000.00 per acre and damages were sought by the said Thomas C. Swift in the amount of one-fifth of the value of the land referred to. Robert Milner filed preliminary objections which were dismissed by the Honorable Wayne G. Hummer, Jr. on July 10, 1980 with leave granted to Robert Milner to file a responsive pleading. Thereafter, defendant filed an answer with new matter, to which a reply was filed. A motion for judgment on the pleadings was thereafter filed by Thomas C. Swift. By order dated February 3, 1981 the Honorable Paul A. Mueller, Jr., entered judgment in favor of plaintiff, Thomas C. Swift, and against defendant, Robert Milner, but ordered that a trial should be held limited to the question of the value of the real estate to determine the value of plaintiff's one-fifth interest. In its order, the court pointed out that defendant's attorney had failed to respond in any way or file an opposing brief within ten days after service of plaintiff's brief following the filing of the motion for entry of judgment. Local Rule 31(B) of the Lancaster Rules of Court provided that under such circumstances, "[a]ny respondent who fails to comply with this rule shall be deemed not to oppose" the request for judgment.

It was from such order of February 3, 1981 of Judge Mueller that this direct appeal was taken. At the same time, Robert Milner filed with the lower court a document entitled petition to open judgment on the pleadings and on February 24, 1981, Judge Mueller denied defendant's petition.

Before we may consider the merits of this appeal, we must determine whether it is properly before us. Although the appellee did not raise this issue, the appealabil-

ity of an order is a question of jurisdiction and may be raised *sua sponte. Williams v. Williams,* 253 Pa.Super. 444, 385 A.2d 422 (1978); *Polascik v. Baldwin,* 245 Pa.Super. 1, 369 A.2d 263 (1976); 42 Pa.C.S. § 704(b)(2). Our court's appellate jurisdiction is generally limited to appeals from final orders of courts of common pleas. 42 Pa.C.S. § 742. A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court. *Adoption of G.M.,* 484 Pa. 24, 398 A.2d 642 (1979); *In the Interest of C.A.M.,* 264 Pa.Super. 300, 399 A.2d 786 (1979). "The reason for prohibiting appeals from interlocutory orders is 'to preclude piecemeal determinations and the consequent protraction of litigation.'" *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia,* 456 Pa. 402, 406, 319 A.2d 677, 678 (1974); *quoting from Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). Orders which do not dispose of the entire case may be deemed final and appealable, however, if postponement of appeal until after final judgment might result in the irreparable loss of the right asserted. *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), *construing Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

*Hall v. Lee,* 285 Pa.Super. 542, 544, 428 A.2d 178, 179 (1981).

We believe that the instant appeal is from an interlocutory order and that the postponement of appeal until after final judgment will not result in irreparable loss of the right asserted. Moreover, were we to consider the merits of the appeal at this juncture, and were we to affirm the action of the lower court, the case would go back to Lancaster County for trial on the issue of damage which is a part of the order of Judge Mueller, dated February 3, 1981. Following a determination of damages, the case could again come back to us on appeal. As we previously stated, the reason for prohibiting appeals from interlocutory orders, such as the instant order, is to preclude piecemeal determinations and

the consequent protraction of litigation. This case is similar to *Newill v. Piccolomini*, 228 Pa.Super. 220, 323 A.2d 40 (1974). In *Newill*, our court stated that

For the purposes of this opinion the action divides itself into an issue of ownership of certain coal rights and, assuming ownership of such coal rights to be in the appellees, the damages to which appellees may be entitled for the alleged wrongful taking of this coal by appellants.

On September 17, 1973 the lower court granted appellees' Motion for Summary Judgment as to the issue of ownership of the coal rights only. This order reads as follows:

AND NOW, this 17th day of October 1973, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment as to the Issue of Ownership is granted. The Prothonotary is directed to place this case on the next trial list for the purpose of assessing damages.

This order is entered in accordance with Rule 1035 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix. Rule 1035(b) specifically authorized the entry of Summary Judgment in the nature of a split judgment. Rule 1035(b) states in part '... a summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages'.

It is clear that the order of October 17, 1973 which forms the basis of this appeal is interlocutory; and, therefore, the appeal must be quashed.

*Id.*, 228 Pa.Super. at 221, 323 A.2d at 41.

Although the instant case involves a judgment on the pleadings rather than a summary judgment, we believe that the reasoning employed by our court in *Newill* is equally applicable to the instant case. We accordingly quash this appeal.

Appeal quashed.