457 A.2d 1318

RIGIDPLY RAFTERS, INC.

v.

AETNA CASUALTY AND SURETY COMPANY, and Brotherly Aid Liability Plan, Lancaster Mennonite Conference.

Appeal of the BROTHERLY AID LIABILITY PLAN, Lancaster Mennonite Conference.

Superior Court of Pennsylvania.

Argued Sept. 15, 1981.

Filed March 25, 1983.

550

Jay N. Abramowitch, Reading, for appellant.

Clifford N. LePage, Jr., Reading, for Rigidply Rafters, Inc., appellee.

Harry Reed, Jr., Lebanon, for Aetna Cas. and Sur. Co., appellee.

Before CAVANAUGH, DiSALLE and WATKINS, JJ.

PER CURIAM:

This is an appeal from a February, 1981 order granting the summary judgment motion of appellee—Rigidply Rafters, Inc., against appellant—The Brotherly Aid Liability Plan, Lancaster Mennonite Conference on the question of coverage by Brotherly Aid under a no-fault motor vehicle insurance policy issued by Brotherly Aid covering Rigidply's truck tractor and semi-trailer with crane. The question of coverage arose pursuant to an accident claim made by an injured third party against Rigidply. The injured third party filed a complaint averring that Rigidply's employee—truck driver was negligently maneuvering a crane attachment mounted on Rigidply's truck tractor while un-

loading wooden roof trusses from the truck and such negligent action caused the crane to strike the injured party.

At the time of this incident, Rigidply was insured under two insurance policies. One was issued by appellee—Aetna Casualty and Surety Company. This policy was a comprehensive general liability policy containing an automobile exclusion clause. The second policy, issued by Brotherly Aid, was a no-fault policy. After the accident, Rigidply approached both insurers seeking assistance in defending the claim. Both insurance carriers denied liability for coverage of the accident.

Rigidply then filed a complaint in the Court of Common Pleas of Berks County for declaratory judgment against Aetna and Brotherly Aid to determine the applicable coverage. Both Aetna and Brotherly Aid filed Answers and New Matter which set forth their respective bases for denying liability. The parties then proceeded to take depositions of all witnesses regarding the issue of coverage. Motions for summary judgment were then presented to the lower court, with each party requesting summary judgment in its favor and against the two remaining parties.

The lower court issued an opinion and order granting the motions of Rigidply and Aetna against Brotherly Aid and denying Rigidply's and Brotherly Aid's motions against Aetna.

Brotherly Aid filed an appeal from the aforementioned order. Aetna then filed a motion to quash the appeal claiming that the order was interlocutory insofar as the lower court denied summary judgment against Aetna. The Superior Court issued a per curiam order granting Aetna's motion to quash as to Brotherly Aid's appeal from a denial of summary judgment against Aetna, but denying the motion to quash the appeal from that portion of the order granting summary judgment against Brotherly Aid. Therefore, Brotherly Aid's appeal as to the summary judgment granted against it is now before this court.

The basic issue in the instant appeal is Brotherly Aid's liability for coverage of the accident. We have thoroughly reviewed the entire record of this case and upon a re-examination of all the facts and their ramifications we have determined that we should not address the merits of appellant's contentions; instead we quash this appeal.

■ Of course the issue of the appealability of the lower court's order is important and we may raise it *sua sponte*. *Hall v. Lee*, 285 Pa.Super. 542, 428 A.2d 178 (1981); See 42 Pa.C.S.A. § 704(b)(2). Our court's appellate jurisdiction is generally limited to appeals from final orders. Indeed since our jurisdiction to hear appeals is limited we cannot entertain appeals not within our jurisdiction. *Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981), *aff'd*, 498 Pa. 536, 448 A.2d 1379 (1982). 42 Pa.C.S.A. § 742. An order is interlocutory and not final unless it effectively puts the litigant out of court, terminates the litigation or disposes of the entire case. *Jackson v. Moultrie*, 288 Pa.Super. 252, 431 A.2d 1033 (1981). However, in determining what is a final appealable order we must "look beyond the technical effect of the adjudication to its practical ramifications." *Jackson v. Moultrie*, 288 Pa.Super. at 253, 431 A.2d at 1034–45. Following our extensive review of the facts of this case and the lower court's order, we have concluded the practical ramifications do not lead to a final adjudication of liability for coverage against Brotherly Aid. On the contrary, Aetna could still be found liable for coverage in this case. As Judge Schaeffer noted this in his memorandum opinion of March 27, 1981: "Lest there be any basis for misunderstanding, we now emphasize that this Court as of the present time has not concluded that the Aetna policy did not cover the plaintiff's tractor trailer at the time of the injuries or that the oral representations made were not binding on Aetna. These matters are still open and will be decided and determined at trial."

■ The practical effect of the order is that Brotherly Aid's liability for coverage could vary depending upon the final disposition against Aetna; as such the judgment en-

tered against Brotherly Aid *is not final.* In addition Pa.R. C.P. 1035(b) permits a court to grant summary judgment with respect to liability only, but such an order is "interlocutory in character" and clearly nonappealable. *Albert L. Inselberg v. Employers Companies,* 291 Pa.Super. 406, 435 A.2d 1290 (1981); *Williams v. Erie Insurance Exchange,* 290 Pa.Super. 279, 434 A.2d 752 (1981).

Accordingly, we find this appeal to be premature and it must be quashed.

Appeal quashed.

DiSALLE, J., did not participate in the consideration or decision in this case.