474 A.2d 346

Lloyd Eugene BROWN and Nancy P. Brown, Individually
and as Administrators of the Estate of Douglas
P. Brown, Deceased

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Appellant.

Dale F. JAMES and S. Jean James, as Natural Parents of
Vincent Robert James, and Administrators of the Estate
of Vincent Robert James, Deceased

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Appellant.

Lloyd Eugene BROWN and Nancy P. Brown, Individually
and as Administrators of the Estate of Douglas P.
Brown, Deceased, Appellants

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

Dale F. JAMES and S. Jean James as Natural Parents of
Vincent Robert James, and Administrators of the Estate
of Vincent Robert James, Deceased, Appellants

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Jan. 31, 1984.

Filed April 13, 1984.

Fredric D. Rubin, Morrisville, for appellant (at 2146 & 2147) and appellee (at 1297 & 1298).

Anita Frankel Alberts, Doylestown, for appellants (at 1297 & 1298) and for appellees (at No. 2146 & 2147).

Before SPAETH, President Judge, and BECK and HOFFMAN, JJ.

PER CURIAM:

This case involves four appeals from orders entered in two separate No-Fault actions. Lloyd and Nancy Brown (hereinafter "Brown") and Dale and Jean James (hereinafter "James"), plaintiffs below, each brought a separate unrelated suit seeking work loss and survivor's loss benefits for the death of their child. Each brought suit individually and as administrators of the child's estate.

By order dated May 28, 1982, the trial court granted summary judgment for State Farm on the issue of survivor's loss and granted summary judgment for James and Brown for work loss benefits. State Farm appealed the order granting summary judgment for James and Brown for work loss benefits at Nos. 2146 and 2147 Philadelphia 1982. Pursuant to leave granted by the trial court, James and Brown appealed nunc pro tunc from the order granting summary judgment for State Farm on the issue of survivor's loss at Nos. 1297 and 1298 Philadelphia 1983.

■ Appeal Nos. 2146 and 2147 are quashed because they were taken from interlocutory orders granting summary judgment for Brown and James on the issue of liability for work loss benefits without awarding damages. *See Inselberg v. Employers Mutual Companies*, 291 Pa.Super. 406, 408, 435 A.2d 1290, 1291 (1981) ("Rule 1035(b) of the Rules of Civil Procedure permits a court to grant summary judgment with respect to liability only: 'A summary judgment, *interlocutory in character,* may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.' ... Such an order is, by definition, 'interlocutory in character' and clearly nonappealable." (footnote and citations omitted).

■ On Appeal Nos. 1297 and 1298 we affirm the order of the trial court granting summary judgment for State Farm with respect to the survivor's loss claims. Under *Chesler v. Government Employees Insurance Co.,* No. 101 E.D. Appeal Dkt. 1982, 503 Pa. 292, 469 A.2d 560 (1983), survivor's loss benefits are recoverable only upon proof of dependency and James and Brown have admitted that they were not dependent. *See* Plaintiffs' Motion for Summary Judgment ¶ 2.

Appeal Nos. 2146 and 2147 Philadelphia 1982: quashed. Appeal Nos. 1297 and 1298 Philadelphia 1983: affirmed. Jurisdiction relinquished.