507 A.2d 837

## METROPOLITAN LIFE INSURANCE COMPANY

v.

### Catherine BODGE, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed April 9, 1986.

Catherine Miraglia-Lecky, Norristown, for appellant.

Gregory S. Thomas, Norristown, for appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

On December 15, 1985, Metropolitan Life Insurance Company (Metropolitan) commenced by complaint an action for declaratory judgment seeking a determination of the respective rights of the parties to the proceeds of a no-fault automobile insurance policy issued by Concord Mutual Insurance Company, (Concord), and processed and adjusted by the Pennsylvania Assigned Claims Plan, (PAC).[1]

This is an appeal from the trial court's orders granting Metropolitan's motion for summary judgment and denying Appellant's cross-motion for summary judgment. The court in granting the motion determined that Metropolitan is entitled to recover from Appellant in her representative capacity as Guardian of the Person and Estate of her daughter, Catherine Theresa Bodge, (Terri), any medical bills and expenses paid by Metropolitan that were subsequently paid pursuant to the Concord policy. The order concluded with the statement that, "[t]he exact amount of said recovery ... shall be determined by an appropriate proceeding, if necessary." In this respect, the trial court opinion stated, "[w]e note a possible factual question may exist as to the amount Metropolitan would be entitled to recover should we find in favor of its right to reimbursement. However, ... we may still determine and declare by partial summary judgment the rights of the parties to recover in this proceeding." (Trial Court Opinion at 7).

---

**1.** The trial court opinion indicates PAC was processing and adjusting the claim as Concord was declared insolvent in 1980.

The relevant facts are not in dispute. In April or May of 1979, Terri, an adult, while residing apart from her mother became employed and through this employment was covered by a Group Health Insurance Policy issued by Metropolitan. In September of 1979, Appellant, without Terri's knowledge, secured and paid the premiums on a no-fault automobile insurance policy issued by Concord. The trial court found that pursuant to the express terms of the Concord policy, Terri automatically became an insured when she moved into Appellant's home in January 1980.

On or about March 2, 1980, Terri suffered severe disabling injuries as a result of an automobile accident with an uninsured motorist. Appellant submitted Terri's various medical bills and expenses to Metropolitan which paid in excess of $100,000 either directly to the respective health care providers, or to them through Appellant. Appellant subsequently submitted these same bills and expenses to PAC for payment and PAC issued a check in the amount of $105,892.44. Pending resolution of this litigation, the proceeds of this check were placed in an escrow account.

In its motion for summary judgment, Metropolitan asserts entitlement to the proceeds of the PAC check based on a coordination of benefits provision within the Metropolitan policy. The provision in question states in part:

(8) If an overpayment is made under the Group Policy because of failure to report other coverage or otherwise, the Insurance Company shall have the right to recover such overpayment ...

On appeal from the trial court's order granting Metropolitan's motion for summary judgment, Appellant contends in essence that:

1. The trial judge improperly restyled the action *sua sponte* treating the action as one against Appellant in her representative capacity when the pleadings indicate Appellant was sued as an individual.
2. Metropolitan's coordination of benefits provision is void and unenforceable as contrary to 40 P.S. § 1009.-

11(a)(4) [1009.111(a)(4)], 31 Pa.Code § 89.97(c), 40 P.S. § 753 and the case law interpreting these statutes.

3. Even if valid, the coordination of benefits provision is not binding on Appellant as there was no privity of contract between Metropolitan and Appellant.

4. The coordination of benefits provision is unconscionable and unenforceable.

Before we may consider these issues it must first be determined whether Appellants are properly before this Court.

An appeal will lie only from a final order unless otherwise permitted by statute. 'A final order is usually one which ends the litigation or, alternatively, disposes of the entire case ... "Conversely, an order is interlocutory and not final unless it effectively puts the litigant 'out of court." '

*Cloverleaf Development v. Horizon Financial,* 347 Pa.Super. 75, 80, 500 A.2d 163, 166 (1985).

It is noted that although Appellees have not raised the issue as to whether the order granting summary judgment is appealable, "the question of the appealability of an Order goes to the jurisdiction of this Court and may be raised at any time by the Court itself". *Vendetti v. Schuster,* 418 Pa. 68, 73, 208 A.2d 864, 867 (1965); *Rossi v. Pennsylvania State Univ.,* 340 Pa.Super. 39, 43, 489 A.2d 828, 830 (1985). "Indeed since our jurisdiction to hear appeals is limited we cannot entertain appeals not within our jurisdiction." *Rigidply Rafters, Inc. v. Aetna Casualty and Surety Co.,* 311 Pa.Super. 549, 552, 457 A.2d 1318, 1320 (1983).

As has already been stated, the trial court determined by partial summary judgment the rights of the parties to recover in the declaratory judgment proceeding. However, the order from which this appeal is taken clearly is not a final determination as to the amount Appellee is entitled to recover. This is a summary judgment with respect to liability only.

Rule 1035(b) of the Rules of Civil Procedure permits a court to grant summary judgment with respect to liability only: 'A summary judgment, *interlocutory in character,*

may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.' (Emphasis added). Such an order is, by definition, 'interlocutory in character' and clearly nonappealable.

*Inselberg v. Employers Mutual Companies*, 291 Pa.Super. 406, 408, 435 A.2d 1290, 1291 (1981). See also: *Sims v. Feingold*, 329 Pa.Super. 437, 439, 478 A.2d 868, 869 (1984); *Brown v. State Farm Mutual Automobile Insurance Co.*, 326 Pa.Super. 489, 491, 474 A.2d 346, 347 (1984); *Rigidply Rafters, Inc. v. Aetna Casualty and Surety Co., supra*, 311 Pa.Super. at 553, 457 A.2d at 1320. Decisions of this Court have uniformly held that a summary judgment on the issue of liability in favor of a plaintiff is not appealable until damages have been determined and judgment entered in a monetary amount. *Miller Oral Surgery, Inc. v. Dinello*, 342 Pa.Super. 577, 580, 493 A.2d 741, 743 (1985).

The policy of law "abhors 'piecemeal determinations and the consequent protraction of litigation.' " *Fried v. Fried*, 509 Pa. 89, 97, 501 A.2d 211, 215 (1985). This Court is without jurisdiction to entertain the interlocutory appeal from the order granting summary judgment as to liability only. Accordingly, this appeal is quashed.