## Scartelli General Contractors Inc.
## v. Selective Way Insurance Co.

C.P. of Lackawanna County, no. 2006 CV 4193.

*Melissa Scartelli,* for plaintiffs.
*Christian P. Labletta,* for defendants.

MINORA, *J.,* September 9, 2008—

## I. INTRODUCTION

Currently before the court are two matters:

(a) Defendant's motion for reconsideration of this court's order of February 27, 2008;

(b) Defendant's motion for certification for immediate appeal to the Superior Court of said February 27, 2008 order.

By way of background, on June 5, 2005, the Diocese of Scranton retained plaintiff to repair vaulted sidewalks on the exterior of its building located at 300 Wyoming Avenue, Scranton, Pennsylvania.

Plaintiff began this project by removing an old concrete deck exposing the space below. Plaintiff also constructed a trench to collect street water.

After plaintiff removed the concrete deck and constructed a trench designed to protect the property from water damages, rainfall occurred. The trench constructed by plaintiff to protect the property from water damage failed and the property sustained water damage. The diocese incurred $6,697.10 in costs to repair the damages caused by plaintiff's negligence. Plaintiff admitted its negligence and paid the diocese $6,697.10 for the amount it felt it was legally obligated to pay to avoid litigation, damage to its reputation and preserve its business relationship with a major client.

When the defendant refused to reimburse plaintiff for the loss paid to the diocese, this instant lawsuit ensued.

Preliminary objections to the instant lawsuit resulted in Count IV (plaintiff's claim under the Uniform Trade Practices and Consumer Protection Law) being dismissed. However, Count I (bad faith), Count II (breach of contract), and Count III (breach of fiduciary duty) were allowed to proceed. The court also dismissed plaintiff's request for punitive damages contained in Count II and Count III of plaintiff's complaint. (See Senior Judge Clinton Smith's order of February 2, 2007.)

The defendant subsequently filed an answer and new matter to plaintiff's amended complaint and later tried to have the remaining counts dismissed per a motion for judgment on the pleadings.

On February 27, 2008 per expanded order, the undersigned denied defendant's motion for judgment on the pleadings as to Count I bad faith; Count II breach of contract; and Count III breach of fiduciary duty, thus resulting in the instant motion for reconsideration and request for certifying our order of February 27, 2008 for immediate appeal to the Superior Court.

Those matters are ripe for disposition as well as a need to instruct counsel once and for all the true grounds for a valid reconsideration.

## II. ISSUES

(A) Do any valid grounds exist to have the court reconsider its order of February 27, 2008?

(B) Should the court exercise its discretion and certify its order of February 27, 2008 for immediate appeal to the Superior Court?

## III. DISCUSSION

### A. *The Reconsideration Issue*

In considering a motion for reconsideration, a trial court is invested with broad discretion as to whether or not it will modify or rescind a prior order entered within 30 days of said motion for reconsideration. 42 Pa.C.S. §5505; *PNC Bank N.A. v. Unknown Heirs,* 929 A.2d 219 (Pa. Super. 2007).

In addition, reconsideration should be granted sparingly or there will no finality of judgments or orders. The only proper grounds for granting reconsideration are new and material evidence or facts, a change in the controlling law or a clear error in applying the facts or law to the case at hand so that it is necessary to correct a clear error and prevent a manifest injustice from occurring. Mere disagreement with the court's conclusion is not a basis for reconsideration. See generally, *Cox v. Monica,* 2008 WL 111991 (M.D. Pa. 2008) and *Ellenbogen v. PNC Bank N.A.,* 731 A.2d 175 (Pa. Super. 1999).

In addition, our colleague, the Honorable Senior Judge Clinton Smith ruled that the pleadings support a cause of action for bad faith, breach of contract and breach of fiduciary duty in his order of February 2, 2007.

We obviously incorporated his order into our analysis and discussion in our expanded order of February 27, 2008 when we again ruled that the pleadings state a potentially viable claim against the defendant and denied its motion for judgment on the pleadings.

While substantive grounds existed for supporting plaintiff's claims for bad faith, breach of contract and breach of fiduciary duty, we were also mindful that the doctrine of "coordinate jurisdiction" was in play.

The "law of the case" or "coordinate jurisdiction" rule states that "a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. . . . More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions." See *Zane v. Friends Hospital,* 575 Pa. 236, 243, 836 A.2d 25, 29 (2003). (internal citations omitted)

"The reason for this respect for an equal tribunal's decision . . . is that the coordinate jurisdiction rule is based upon a policy of fostering the finality of pretrial applications in an effort to maintain judicial economy and efficiency. . . . Furthermore, consistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure the uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Zane v. Friends Hospital, supra.*

The only time the "coordinate jurisdiction" rule is not applied is when there exists any of the same factors necessary to support reconsideration: (1) a change in the controlling law; (2) a substantial change in the facts or evidence or; (3) a clearly erroneous holding that would create a manifest injustice if allowed. See *Zane v. Friends Hospital, supra.*

Obviously, none of the above factors are at play in the instant case. The only factor at play is the defendant's disagreement with the court's decisions of both February 2, 2007 and February 27, 2008. Such a disagreement without meeting the *Zane* factors noted above cannot, and does not, support a motion for reconsideration and only further frustrates the efficient flow of judicial proceedings, with repeated relitigation of matters previously adjudicated. For these reasons we will, now for the third and final time following preliminary objections and the motion for judgment on the pleadings, deny defendant's motion for reconsideration. Not only is this the legally correct decision, but to do otherwise would further implicate the February 2, 2007 order of Judge Smith

regarding preliminary objections and coordinate jurisdiction as noted above.

## B. *The Certification for Immediate Appeal to the Superior Court*

The court's order of February 27, 2008 is obviously an "interlocutory order" and not a "final order" (*i.e.,* the order did not put the litigant out of court, terminate the litigation or dispose of the entire case. See *Ridgidply Rafters Inc. v. Aetna Casualty and Surety Company,* 311 Pa. Super. 549, 457 A.2d 1318 (1983).

The only way such an order could be subject to appellate review in this case is if we as a trial court believe the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the matter." See 42 Pa.C.S. §702(b) and *Commonwealth v. McMurren,* 945 A.2d 194, 195 (Pa. Super. 2008).

If we as a trial court were to so certify our order of February 27, 2008, then the defendant could potentially pursue a permissive appeal of the interlocutory order under Pa.R.A.P. 1311(b).

However, we are not inclined to exercise our broad discretion so as to certify our order of February 27, 2008 as per 42 Pa.C.S. §702(b). We have carefully reviewed the controlling case law as per our prior discussions and our ruling at paragraph (10) of our order of February 27, 2008 in stating that "the plaintiff has pled a potentially viable cause of action and the defendant has failed to show with the requisite certainty that no recovery is pos-

sible under the law. Accordingly, the defendant's motion for summary judgment is dismissed and denied."

We see no legally valid reason to certify said order as per 42 Pa.C.S. §702(b) and as such we will deny defendant's motion for certification for immediate appeal to the Superior Court. (See also, *Borough of Mifflinburg v. Heim,* 705 A.2d 456 (Pa. Super. 1997).) We view both of these defense motions as disingenuous and devoid of merit.

An order consistent with this memorandum will follow.

## ORDER

And now to wit, September 9, 2008, upon due consideration of defendant's motion for reconsideration of this court's order of February 27, 2008 and defendant's motion for certification for immediate appeal to the Superior Court and the briefs supporting counsels' respective positions and the arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that:

(1) Defendant's motion for reconsideration of this court's order dated February 27, 2008 is dismissed and denied;

(2) Defendant's motion for certification for immediate appeal to the Superior Court is dismissed and denied.