# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Briar Hill North Association, Inc.  :
          :
    v.       :  No. 138 C.D. 2018
          :  Argued:  December 13, 2018
Helen M. Kuzmack, Mary Jo Sanford, :
Joan K. Keil, Helenann McCloskey, :
Jeannette K. Murphy, and John A.  :
Kuzmack,        :
      Appellants  :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON     FILED:  January 9, 2019


    Helen M. Kuzmack (Mrs. Kuzmack), along with her children Mary Jo Sanford, Joan K. Keil, Helenann McCloskey, Jeannette K. Murphy, and John A. Kuzmack (collectively, Appellants) appeal from an order of the Court of Common Pleas of Wayne County (trial court), dated December 27, 2017.  The trial court granted summary judgment in part in favor of Briar Hill North Association, Inc. (Association) and against Appellants.[1]  For the reasons set forth below, we quash Appellants' appeal.

---

[1] The trial court's December 27, 2017 order did not specifically address Appellants' motion for summary judgment and merely denied the Association's motion for summary judgment with respect to Unjust Enrichment (Count II) and Implied Contract (Count IV).  In its 1925(a) opinion,

The Association is a non-profit corporation that, *inter alia*, is responsible for the maintenance of the roads and other common areas of the development commonly known as Briar Hill North located in Paupack Township, Wayne County, Pennsylvania, on the north shore of Lake Wallenpaupack. (Reproduced Record (R.R.) at 91a, 94a.) Lakeland Associates, Inc., the Association's predecessor, acquired the land that comprises Briar Hill North in 1952 and subsequently recorded a subdivision plan that created each individual lot in Briar Hill North. (*Id.* at 31a.) Appellants are the owners of the real property commonly known as Lots 9 and 10-R in Briar Hill North. (*Id.* at 227a-29a.) John A. Kuzmack (Mr. Kuzmack), Mrs. Kuzmack's late husband, acquired title to Lot 9 by deed dated September 6, 1957. (*Id.* at 26a-28a.) Mr. and Mrs. Kuzmack acquired title to Lot 10-R by deed dated September 27, 1973. (*Id.* at 29a-30a.) Mr. Kuzmack died on March 25, 2009, at which time sole title to Lots 9 and 10-R vested in Mrs. Kuzmack. (*Id.* at 24a-25a, 227a-28a.) On February 29, 2012, Mrs. Kuzmack conveyed title to Lots 9 and 10-R from herself to herself and her children—*i.e.*, Appellants.

The 1957 and 1973 deeds by which Mr. and Mrs. Kuzmack acquired title to Lots 9 and 10-R both contain the same uniform covenants, which, *inter alia*, grant the property owner the right to use certain areas of Briar Hill North designated for common use, including roads, boat docks, and other facilities. (*Id.* at 27a-28a; 31a.) Such covenants also provide that "[a]ll property owners using such facilities shall share a proportionate amount of the cost of maintenance" and that "the use and

---

however, the trial court stated that, "[f]or clarification purposes, this [trial court] denied entering summary judgment in favor of the Association and granted summary judgment in favor of [Appellants] on Count II – Unjust Enrichment and Count IV – Implied Contract" of the Association's First Amended Complaint. (Trial Ct. Op., Apr. 2, 2018, at 4.)

2

maintenance of roads and common use facilities" shall be the responsibility of the property owners. (*Id.* at 28a, 31a.) Since 2012, when Appellants became the owners of Lots 9 and 10-R, the Association has invoiced Appellants for their annual assessments. The amount of each annual assessment represents Appellants' proportionate share of the annual costs incurred by the Association to maintain and preserve the roads and common areas of Briar Hill North. Appellants have failed to pay the full amount of each annual assessment. Instead, Appellants have only paid the amount that they estimate to be their proportionate share of seasonal road maintenance expenses.

On March 9, 2015, the Association filed its First Amended Complaint with the trial court, setting forth various causes of action against Appellants and seeking payment for Appellants' unpaid assessments, late fees incurred in connection with such unpaid assessments, and attorneys' fees incurred by the Association to collect such unpaid assessments. In defense to the Association's claims, Appellants alleged, *inter alia*, that: (1) they are not members of the Association; and (2) they are only obligated to pay their proportionate share of the Association's seasonal road maintenance expenses because the only common use areas in Briar Hill North that they use are the roads and they only use such roads from the spring through the fall. Following a period of discovery, the Association and Appellants both filed motions for summary judgment. By order dated December 27, 2017, the trial court granted summary judgment in favor of the Association and against Appellants with respect to the Association's counts for Breach of Covenant (Count I), Easement Ownership (Count III), Uniform Planned Community Act (Count V), and Common Element Ownership and Use (Count VI). The trial court granted summary judgment in favor of Appellants and against the

3

Association with respect to the Association's counts for Unjust Enrichment (Count II) and Implied Contract (Count IV). Appellants appealed the trial court's order to this Court.

On appeal,[2] Appellants argue that the trial court committed an error of law by: (1) granting the Association's motion for summary judgment and denying Appellants' motion for summary judgment with respect to the Association's breach of covenant claim because the subject deed covenants obligate Appellants to pay only their proportionate share of the common use facilities that they actually use, the only common use facilities that Appellants actually use are the roads, and Appellants have already paid their proportionate share of the non-winter road maintenance expenses; (2) granting the Association's motion for summary judgment and denying Appellants' motion for summary judgment with respect to the Association's easement ownership and common element ownership and use claims because Appellants have express agreements in the form of their deed covenants that obligate them to pay only their proportionate share of the common use facilities that they actually use and the only common use facilities that they use are the roads on a seasonal basis; (3) granting the Association's motion for summary judgment and

---

[2] This Court's review of a trial court's order granting a motion for summary judgment is limited to considering whether the trial court erred as a matter of law or abused its discretion. *Lambert v. Katz*, 8 A.3d 409, 413 n.3 (Pa. Cmwlth. 2010), *overruled on other grounds by Cagey v. Cmwlth.*, 179 A.3d 458 (Pa. 2018). A court may grant a motion for summary judgment "only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Bronson v. Horn*, 830 A.2d 1092, 1094 (Pa. Cmwlth. 2003), *aff'd*, 848 A.2d 917 (Pa.), *cert. denied*, 543 U.S. 944 (2004). "The right to judgment must be clear and free from doubt." *Id.* In reviewing the granting of a motion for summary judgment, this Court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001), *cert. denied*, 536 U.S. 938 (2002).

denying Appellants' motion for summary judgment with respect to the Association's Uniform Planned Community Act (Act)[3] claim because the Association does not qualify as a "unit owners' association" under the Act, and, even if it did, the Association cannot assess Appellants for common use expenses that do not benefit their lots or for expenses relating to the operation of the Association; (4) failing to conclude that the Association's claims are barred by the doctrines of consent and estoppel because, from 1982 through 2008, the Association always billed and Mr. and Mrs. Kuzmack always paid only for their proportionate share of the seasonal road maintenance expenses; and (5) failing to conclude that the Association's claims are barred by the doctrine of collateral estoppel because a 1981 magisterial district court judgment against Mr. Kuzmack establishes that the Association can only collect a proportionate share of seasonal road maintenance expenses from Appellants.

Before addressing the merits, however, we must consider whether this appeal is properly before us.[4] Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a . . . trial court." An order is final if it "disposes of all claims and of all parties." Pa. R.A.P. 341(b)(1). Pennsylvania Rules of Civil Procedure Nos. 1035.1 through 1035.5 anticipate that "[p]artial summary judgment, interlocutory in character, may be rendered on one or more issues of liability, defense or damages." Note to Pa. R.C.P. No. 1035.2. An order that grants summary judgment on liability only and

---

[3] 68 Pa. C.S. §§ 5101-5414.

[4] By order dated November 16, 2018, this Court ordered the parties to be prepared to address at argument whether the trial court's order "constitute[d] a final order pursuant to Pennsylvania Rule of Appellate Procedure 341 or whether it [was] an interlocutory order such that the appeal should be quashed."

leaves open the issue of damages is interlocutory in nature. *Newill v. Piccolomini*, 323 A.2d 40, 41 (Pa. Super. 1974) (holding that order granting summary judgment on liability only is interlocutory, and, therefore, appeal from such order must be quashed); *see also Inselberg v. Emp'rs Mut. Cos.*, 435 A.2d 1290, 1291 (Pa. Super. 1981) (holding that appeal from order granting summary judgment on liability only was premature and must be quashed). While the Superior Court decided *Newill* and *Inselberg* prior to both the 1996 amendments to the Pennsylvania Rules of Civil Procedure, which, *inter alia*, created new Rules 1035.1 through 1035.5 to replace former Rule 1035, and the 1992 amendments to the Pennsylvania Rules of Appellate Procedure, which, *inter alia*, amended the definition of a final order under Pennsylvania Rule of Appellate Procedure 341, the holdings are still applicable today. Orders that do not dispose of all claims—*i.e.*, that address less than all of the parties' claims or that address claims of liability but not damages associated with such claims—are interlocutory in nature and not final and are, therefore, not immediately appealable. *See* Pa. R.A.P. 341.

Here, the trial court's December 27, 2017 order only addresses the issue of liability and does not award damages to the Association for Appellants' unpaid assessments, the late fees incurred in connection with such unpaid assessments, or the attorneys' fees incurred by the Association to collect such unpaid assessments. In fact, in its accompanying opinion, the trial court specifically stated:

> [W]e find that there are no genuine issues of any material fact in dispute and the Association is entitled to judgment as a matter of law. The Association is statutorily authorized by the [Act] to assess [Appellants], as property owners in the Briar Hill North community, for use and maintenance of common areas. *However, we are only addressing whether or not summary judgment is warranted in this case and an assessment of damages may be addressed by the parties in subsequent proceedings.*

6

(Trial Ct. Op., Dec. 27, 2017, at 19 (emphasis added).) Because the trial court only addressed the issue of liability and did not award damages in connection with the Association's claims, it is clear that the trial court's order was interlocutory and not immediately appealable as a final order under Pennsylvania Rule of Appellate Procedure 341.[5]

        Accordingly, we quash Appellants' appeal.

P. KEVIN BROBSON, Judge

---

[5] We note that Appellants did not file a motion with the trial court requesting that the trial court amend its December 27, 2017 order to set forth the statement required by 42 Pa. C.S. § 702(b) (relating to interlocutory appeals by permission) and thereafter seek permission from this Court to appeal the trial court's December 27, 2017 order as permitted by Pennsylvania Rule of Appellate Procedure 1311(b).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Briar Hill North Association, Inc.     :
    :
       v.     :    No. 138 C.D. 2018
    :
Helen M. Kuzmack, Mary Jo Sanford,     :
Joan K. Keil, Helenann McCloskey,     :
Jeannette K. Murphy, and John A.     :
Kuzmack,     :
               Appellants     :

# **O R D E R**

AND NOW, this 9th day of January, 2019, Appellants Helen M. Kuzmack, Mary Jo Sanford, Joan K. Keil, Helenann McCloskey, Jeannette K. Murphy, and John A. Kuzmack's appeal is hereby QUASHED, because the order of the Court of Common Pleas of Wayne County, dated December 27, 2017, is not a final order under Pennsylvania Rule of Appellate Procedure 341.

_____
P. KEVIN BROBSON, Judge