J-A12040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN BICKEL, DIANE BICKEL AND EMILY BICKEL | : <br> : <br> : <br> : <br> : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : <br> : <br> : <br> : | |
| DANIEL J. DUGAN | : <br> : | |
| Appellant | : <br> : | No. 1331 WDA 2019 |

Appeal from the Order Entered August 6, 2019,
in the Court of Common Pleas of Clearfield County,
Civil Division at No(s):  2017-1826-CD.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:            **FILED JUNE 12, 2020**

Defendant, Daniel J. Dugan, appeals from the order partially granting summary judgement to Plaintiffs, Allen, Diane, and Emily Bickel ("the Bickels"), in this property dispute between neighbors.  As the learned trial court correctly recognized in its letter to this Court, and as the Bickels contend in their brief, Mr. Dugan's appeal is premature.  We therefore quash it.

Briefly, the Bickels own a landlocked residence in Clearfield County, which Mr. Dugan's farm surrounds.  The Bickels sued Mr. Dugan in a multiple count complaint.  The first count alleges that the Bickels own a perpetual easement over Mr. Dugan's land, via Rabbit Lane.  The Bickels produced a written instrument, which the prior owners of the neighboring properties

_____

[*] Retired Senior Judge assigned to the Superior Court.

executed and recorded. The parties filed cross-motions for summary judgment on the issue of whether the language of the recorded document was legally sufficient to create an easement and to establish its location and scope.

The trial court concluded, as a matter of law, the document sufficiently evidenced the prior owners' desires to create an easement over Mr. Dugan's farm for the benefit of the Bickels' dominant estate. The court granted partial, summary judgment to the Bickels on the question of whether there was an easement of some sort. However, that only disposed of half of their first count; the trial court made clear that the Bickels' motion was denied "as to the exact location and scope of the right of way. There is insufficient evidence . . . for this decision to be made, *i.e.*, there remain material issues of fact." Trial Court Order, 8/6/19.

Three weeks later, Mr. Dugan filed a notice of appeal from the partial denial of summary judgment. The trial court, *sua sponte*, wrote a letter to this Court expressing its opinion that Mr. Dugan's appeal was premature. This Court then issued a rule to show cause why we should not quash. In response, Mr. Dugan explains that the grant of partial, summary judgment "finally and conclusively determined *a* key issue." Mr. Dugan's 9/9/19 Letter (emphasis added).

Generally, an order disposing of only *an* issue at summary judgment does not constitute a final, appealable order. *See*, *e.g.*, *Swift v. Milner*, 442 A.2d 1144 (Pa. Super. 1982); *Rohr v. Keystone Insurance Co.*, 439 A.2d 809 (Pa. Super. 1982). A final, appealable order is "any order that disposes

of **all claims** and of all parties; or is entered as a final order . . . ." Pa.R.A.P. 341 (emphasis added). Given Mr. Dugan's admission that the order granting partial, summary judgment only determined "a" key issue, it is not a final, appealable order.

In fact, he immediately appealed as a precaution, because he knew of a case where we had entertained an appeal from an order granting partial, summary judgment — specifically, **Resolution Trust Corp. v. Urban Redevelopment Authority of the City of Pittsburgh**, 603 A.2d 618 (Pa. Super. 1992), affirmed, 683 A.2d 972 (Pa. 1994). In **Resolution Trust**, we declined an appellee's request to quash, because the partial denial of summary judgment determined "finally that fraudulent misrepresentations made by the [plaintiff] may not be asserted as a defense in this action to impose liability on the insurer pursuant to its contract." **Id.** at 620. In other words, the trial court's order put an affirmative defense of fraudulent misrepresentation out of court. The order was therefore final as to that affirmative defense.

Here, by contrast, the trial court did not put an affirmative defense out of court. It merely granted judgment as a matter of law to the Bickels on half of their first count. Hence, **Resolution Trust** does not apply; the general rule requiring complete finality to appeal does. Finality is lacking.

Appeal quashed.

J-A12040-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/12/2020