J-S39033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PETROLEUM MARKETING GROUP, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NADER F. ALAJLOUNI AND SAMIR T. AL-HALAWANY | : | No. 899 MDA 2023 |
| | : | |
| APPEAL OF: NADER F. ALAJLOUNI | : | |

Appeal from the Judgment Entered May 18, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-12033

BEFORE:    DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED DECEMBER 14, 2023**

In this breach of contract matter, Nader F. Alajlouni (Appellant) appeals from the judgment, of $328,135.95, entered in the Cumberland County Court of Common Pleas in favor of Petroleum Marketing Group, Inc. (Appellee).  The trial court initially granted summary judgment in favor of Appellee on liability only, and subsequently determined the amount of damages.  Where Appellant's issue on appeal relates to the summary judgment motion, the trial court suggests he failed to timely appeal from that ruling.  We hold, however, Appellant properly appealed from the final judgment, as the initial summary judgment order finding liability only was an unappealable interlocutory order.  Nevertheless, Appellant's present claim — that service of the motion for summary judgment was improper, because the trial court "demanded

payment" of $5.68 before he could view an electronic copy of the motion — does not merit relief. **See** Appellant's Brief at 5 & Exh. 1.[1] Accordingly, we affirm.

## I. Procedural History

Appellee, the plaintiff herein, filed a complaint on November 26, 2018, against Appellant and Samir T. Al-Halawany, the latter of whom could not be served. **See** Appellee's Brief at 2. The complaint averred the following: the defendants operated a retail gas station in Shippensburg, Cumberland County.[2] In March of 2016, the parties entered into a "Supply Agreement," but in April of 2018, the defendants breached an agreement term, which prohibited the transfer of their contract rights to a third party without Appellee's consent. Appellee's Complaint, 11/26/18, at 4-5.

On March 28, 2019, Appellant, represented by present counsel, Daniel Pollock, Esquire (Counsel), filed an answer.[3]

---

[1] The pages of the physical copy and electronic copy of Appellant's brief are numbered differently. Furthermore, the bottom of every page of the electronic copy states it is page "7," while there is a different number at the top. For ease of review, we cite the page number that is shown at the **top** of each page of the **electronic** copy.

[2] On appeal, Appellant avers he was instead "a guarantor for the shop owner to purchase the gasoline." Appellant's Brief at 5.

[3] Over the next three years and two months, following the answer, there is minimal docket activity. The few filings relate to only two matters: Appellee's November of 2020 motion to compel discovery; and Appellee's February of 2021 motion for sanctions for alleged discovery violations.

On June 10, 2022, Appellee filed the underlying motion for summary judgment, along with a memorandum of law. Appellee sought judgment as to liability only, requesting the amount of damages to be determined at a subsequent hearing. *See* Appellee's Motion for Summary Judgment, 6/10/22, at 4.

Appellant did not file any answer to the summary judgment motion, and on December 19, 2022 (six months after the summary judgment motion filing), Appellee filed a praecipe for oral argument on February 10, 2023. Appellee, "in accordance with local rule, indicated on the Praecipe that the matter could be decided without oral argument." In re: 1925(a) Opinion, 7/5/23, (Trial Ct. Op.) at 1.

The certified record does not indicate whether a hearing was in fact held on February 10, 2023. In any event, on February 13th, again in the absence of any response from Appellant, the trial court granted Appellee's motion for summary judgment as to liability only. The court directed that the amount of damages would be determined at a hearing, to be listed by Appellee. Order, 2/13/23.

Accordingly, on March 9, 2023, Appellee filed a motion to schedule a damages hearing. On the following day, the trial court ordered a hearing to be held on May 18th.

Two months later, on the date scheduled for the damages hearing, May 18, 2023, Appellant filed a motion for continuance. Counsel averred: (1) he

had no knowledge of the May 18th hearing; (2) Appellant only notified him of the hearing the day before; and (3) Appellant was "sick and would not be well enough to attend this hearing." Appellant's Motion for Continuance, 5/18/23. The trial court conducted the hearing and denied the motion for a continuance.[4] The court also entered final judgment against Appellant, in the amount of $328,135.95. **See** Judgment, 5/18/23.

Appellant filed a notice of appeal, along with a statement of his issue for appeal — that he was not properly served with Appellee's "brief [sic] on which the [judgment] was granted." Appellant's Notice of Appeal, 6/19/23, at 4.

## II. Appealability of Summary Judgment Ruling

Preliminarily, we consider the trial court's suggestion that, where Appellant's issue on appeal goes to the summary judgment ruling, he has failed to timely appeal from that ruling. **See** Trial Ct. Op. at 2-3.

Generally, "an appeal may be taken as of right from any final order[.]" Pa.R.A.P. 341(a). A final order is defined as one that, *inter alia*, disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1).

---

[4] The trial court points out Appellant has not properly requested a copy of the transcript of this hearing. Trial Ct. Op. at 2. Although Counsel included a "Request for Transcripts" with his notice of appeal, he "did not file the Cumberland County transcript request form or serve copies on the [trial judge], the court reporter, or the court administrator's office as required by Cumberland County Local Rule 4007." **Id.** at 2 n.7.

The comment to Pennsylvania Rule of Civil Procedure 1035.2 provides, "Partial summary judgment, **interlocutory in character**, may be rendered on one or more issues of liability, defense or damages." Pa.R.C.P. 1035.2, *comment*. This Court has stated:

> [Predecessor] Rule 1035(b) of the Rules of Civil Procedure permits a court to grant summary judgment with respect to liability only: "A summary judgment, **interlocutory in character**, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.) **Such an order is, by definition, "interlocutory in character" and clearly nonappealable**.[FN]
>
> _____
> [FN] A summary judgment as to liability only, would be appealable if it were certified pursuant to 42 Pa.C.S.A. § 702(b).

*Inselberg v. Emp'rs Mut. Cos.*, 435 A.2d 1290, 1291 & n.2 (Pa. Super. 1981) (some emphasis added & some citations omitted).

As the trial court's February 13, 2023, summary judgment order granted only partial relief as to liability, and the court specified the issue of damages would be decided separately, we conclude the order was interlocutory and was not immediately appealable. *See Inselberg*, 435 A.2d at 1291 & n.2; Pa.R.A.P. 341(a), (b)(1); Pa.R.C.P. 1035.2, *comment*. Instead, Appellant has properly appealed from the final judgment order, and he may now challenge the summary judgment ruling. We thus now proceed to a review of the merits of his claim.

### III. Service of Appellee's Summary Judgment Motion

Appellant presents one issue for our review:

> May Summary Judgment be granted for [Appellee] when [Appellant] was not served properly, mainly being forced to pay for the delivery of electronic service by the court to receive the notice and [Appellee's] Brief for Summary [Judgment]?

Appellant's Brief at 3.

Preliminary, we observe the argument in Appellant's counseled brief is relatively short. *See* Appellant's Brief at 6-7. Nevertheless, we glean the following arguments: (1) under Pa.R.C.P. 205.4(d), "the filer shall pay the cost of [an] electronic filing;" and (2) under Cumberland County Local Rule 205.4(g)(2):

> Service by electronic transmission is complete when a legal paper is sent:
>
> > (i) to the recipient's electronic mail address, or
>
> > (ii) to an electronic filing system website and an e-mail message is sent to the recipient by the electronic filing system that the legal paper has been filed and is available for review on the system's website.

Appellant's Brief at 6, *citing* Pa.R.C.P. 205.4(d), Cumberland Co. Local R. 205.4(g)(2)(i)-(ii). Appellant then avers "[n]either of the above situations [occurred here,] because although notice of a filing did occur[,] it was predicated upon paying a fee to be able to view the filing." Appellant's Brief at 7.

Appellant then contends: (1) Appellee and the trial court failed "to adequately serve the necessary papers properly;" because (2) the trial court would not provide Appellant the motion for summary judgment and accompanying brief "unless he paid a [$5.44] fee for it." Appellant's Brief at

8. Appellant attaches, without further explanation, an undated and unidentified document, which has the heading, "Shopping Cart," with two entries: (1) "View 68 pages for [Appellee's] Motion for Summary Judgment," with a "fee" of $5.44; and (2) "View 3 pages for [Appellee's] Praecipe for Listing Case for Argument Court," with a "fee" of $0.24. Appellant's Brief, Exh. 1 (some capitalization removed).[5] Below these two entries appear the options, "Proceed to Checkout" and "Continue Shopping." *Id.* Finally, Appellant maintains he has provided his email address, and furthermore, gave "his name [to] the Prothonotary years ago to be able to accept filings and notices . . . but never granted permission to be charged for delivery of such messages." *Id.* at 7. He requests this Court to vacate the summary judgment order and remand for the trial court "to continue its course to a verdict." *Id.* at 7.

Appellee responds it served the filings on Appellant and his Counsel not only through the trial court's electronic filing system, but also *via* United States mail and email.[6] Appellee's Brief at 4. Appellant does not respond to nor

---

[5] This exhibit was included only in the physical copy of Appellant's brief. The electronic copy of the brief filed on this Court's electronic docket does not include the exhibit.

[6] Appellee also avers Counsel has shown a "pattern of non-responsiveness." Appellee's Brief at 2. Appellant alleges Counsel failed to respond to discovery requests in June 2019, as well as "multiple emails and letters about his failure to respond," and even its November 2020 motion to compel discovery. *See Id.*

- 7 -

dispute this claim, and our review of the record supports Appellee's contention. We thus conclude no relief is due on Appellant's improper service claim.

Our standard of review of issues involving interpretation of our rules of civil procedure is *de novo*. **Sigall v. Serrano**, 17 A.3d 946, 949 (Pa. Super. 2011).

We first consider:

> One of the fundamental objectives of the Rules of Civil Procedure is to ensure that litigants receive proper notice of all proceedings. The duty to make proper service begins with service of original process. This duty continues throughout all stages of the case. Pennsylvania Rule of Civil Procedure 440 provides, "Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action." Pa.R.Civ.P. 440(a)(1).

**Grady v. Nelson**, 286 A.3d 259, 264 (Pa. Super. 2022) (some citations omitted), *appeal denied*, 59 MAL 2023 (Pa. 2023).

> "[A] party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose [a motion for summary judgment]." Pa.R.C.P. 1035.3(e)(1). "Due process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard in an appropriate setting."

**Sigall**, 17 A.3d at 950 (some citations omitted). "As in all civil cases, the petitioner . . . bears the burden to prove proper service by its affirmative acts." **In re M.N.K.**, 268 A.3d 492, 495 (Pa. Super. 2022) (termination of parental rights appeal) (citation omitted).

We review the relevant procedural history, with detail of the methods of service. As stated above, Appellee filed a motion for summary judgment and a memorandum on June 10, 2022. The accompanying certificate of service averred that Appellee served Counsel *via* the court's electronic filing system, and further stated Counsel's email address to be dbigdanp@aol.com.

On February 13, 2023, the trial court granted Appellee's motion for summary judgment as to liability. The court's order further directed the amount of damages would be determined at a hearing, to be listed by Appellee. Order, 2/13/23. The record, however, does not include any certificate of service for this order. The trial docket entry for this order states, "Rule 236 notice provided on [2/13/23,]" but does not indicate the method of service.[7] *See* Trial Docket at 2 (unpaginated).

On March 9, 2023, Appellee filed a motion to schedule a damages hearing, and on the following day, the trial court ordered a hearing to be held on May 18th. On March 15th, Appellee filed an affidavit of service, stating it served **both** the court's February 13th order granting summary judgment and the March 10th scheduling order on Appellant's counsel by: (1) email to dbigdanp@aol.com; **and** (2) by U.S. mail to **two** different addresses, 801 Sandbank Road #18, Mount Holly Springs, PA 17065 and 3 W. Glebe Avenue,

---

[7] *See* Pa.R.C.P. 236(a)(2) ("The prothonotary shall immediately give written notice of the entry of . . . any . . . order to each party's attorney of record[.] The notice shall include a copy of the order or judgment.").

Newville, PA 17241.[8]  Appellee's Affidavit of Service, 3/15/23.  Additionally, on the same day, Appellee filed a certificate of service, stating all of the foregoing was served on Appellant's counsel through the court's electronic filing system **and by U.S. mail**.  Appellee's Certificate of Service, 3/15/23.

Two months later, on the date scheduled for the damages hearing, May 18, 2023, Appellant filed a motion for continuance.  The trial court conducted this hearing, denying Appellant's motion for continuance and entering judgment in the amount of $328,135.95 against him.  As the trial court pointed out, Appellant did not properly request a transcript of this hearing, and thus we are unable to review the parties' arguments and the court's on-the-record statements.

Nevertheless, we emphasize that on March 15, 2023, Appellee served on Counsel, by email **and** U.S. mail, both the February 13th order granting partial summary judgment and the March 10th scheduling order for the hearing on damages.  On appeal, Appellant does not acknowledge, let alone dispute, that these documents were served upon him in this manner.  Even if the premise of Appellant's argument were true — that he was not able to view or access the summary judgment motion *via* the trial court's electronic filing system — the record shows Counsel was served on March 15th with an order

---

[8] Appellee explains these two addresses are Counsel's "old and new addresses.'  Appellee's Brief at 4.

of partial summary judgment and a scheduling order for May 18th. The premise of his argument, that he could only view or access the summary judgment motion if he first paid a fee, is not supported by the record. That Counsel failed to undertake any investigation of the status of this case, until May 18th when Appellant allegedly informed him the prior day of the hearing, is not grounds for relief.

### IV. Conclusion

Accordingly, we conclude no relief is due on the limited claims raised by Appellant on appeal. Thus, we affirm the judgment entered.

Judgment affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/14/2023

- 11 -