538 A.2d 28

**Thomas C. SWIFT, Appellee,**

v.

**Robert MILNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1987.

Filed Feb. 12, 1988.

304

Heywood E. Becker, New Hope, for appellant.

John Mongiovi, Lancaster, for appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellee filed an action in assumpsit against Appellant alleging that the parties were among several joint venturers who had entered into an oral agreement by which certain

property to be purchased at an impending tax sale would be owned equally by each member of the group. It was alleged in Appellee's Complaint that the parties had agreed that the property could be purchased in one of the partner's names; however, the joint venturers would still be equal owners. Appellee further contended that Appellant purchased the property in his own name and denied the remaining partners any use or interest therein. Thereafter, the instant breach of contract suit was brought against Appellant.

Preliminary motions were filed by Appellant, and were later denied by the trial court. Subsequently, Appellee filed a Motion for Judgment on the Pleadings. By its Order dated February 3, 1981, the trial court entered a partial judgment on the pleadings in Appellee's favor but ordered a trial "limited to the question of the value of the real estate to determine the value of [Appellee's] one-fifth interest." (Order, 2/3/81, 3). The trial court's disposition of the case was based on the fact that Appellant had failed to respond properly to the Complaint or file an opposing brief within ten days after service of Appellee's brief pursuant to Rule 31(B) of the Lancaster Rules of Court. Rule 31 provides in part:

> [a]ny respondent who fails to comply with this rule shall be deemed not to oppose the listed matter, and upon the expiration of such ten day period, the moving party may present the same to the court for the entry of an appropriate order.

In reviewing Appellant's Answer to the Complaint, the trial court found that Appellant effectively admitted to all of Appellee's allegations by virtue of the fact that each charge was answered with a general denial. *See* Pa.R.C.P. 1029(b), *infra.*

Appellant later filed a direct appeal with this Court from the Order. However, we held that the appeal was from an interlocutory order inasmuch as the trial on the issue of damages had yet to be conducted. *Swift v. Milner,* 296 Pa.Super. 463, 442 A.2d 1144 (1982). Following a trial on

the issue of the value of Appellee's interest in the land, a judgment was entered in Appellee's favor in the amount $18,100. This timely appeal follows.

In Argument I of his brief, Appellant contends that Rule 31 of the Lancaster Rules of Court is unconstitutional on its face. Likewise, in Argument II Appellant states that Rule 31 is unconstitutional as applied. However, in neither of these arguments has Appellant articulated whether or not the rule is in dereliction of the Pennsylvania or United States Constitutions, or both. Moreover, Appellant does not posit which provisions of either Constitution are offended by the rule. Appellant simply states that the rule is unconstitutional and unreasonable. We remind Appellant that it is not the function of this Court to become Appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, we shall not consider the merits thereof. *Commonwealth v. Sanford*, 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982). *See also In Re Estate of Smith*, 492 Pa. 178, 181, 423 A.2d 331, 332 (1980); Pa.R.A.P. 2116.

Contained within Argument II of Appellant's brief is the assertion that the partial judgment on the pleadings should not have been entered since Appellee failed to give Appellant the proper notice of his Motion for Entry of Judgment. Rule 31 of the Lancaster Rules of Court provides that notice must be sent to all parties, or their counsel, within five business days after a matter is listed for disposition on the pre-trial proceedings lists. However, we shall not consider this claim insofar as it was not set forth in the statement of questions involved. *Geyer v. Steinbronn*, 351 Pa.Super. 536, 558, 506 A.2d 901, 913 (1986). *See* Pa.R.A.P. 2116(a).

Appellant raises as his third argument that the partial judgment on the pleadings should not have been granted since the pleading defects in his Answer to Appellee's Complaint, which precipitated Appellee's Motion for

Judgment on the Pleadings, could have been easily remedied by amendment. We disagree.

Preliminarily, we must analyze the true effect of the trial court's February 3, 1981 Order. Contrary to Appellant's interpretation of that Order, the trial court did not grant the partial judgment on the pleadings solely on Appellant's failure to comply with Rule 31. The trial court noted Appellant's deviation from Rule 31 and commented that, pursuant to Rule 31's language, Appellant was deemed not to have opposed Appellee's motion. However, the trial court's disposition of the case did not end at this juncture. Rather, the trial judge proceeded, as required, to conduct an independent evaluation of the pleadings. This review resulted in the correct determination that Appellant's Answer to the Complaint was insufficient to warrant further consideration of the case with respect to the issue of liability. In addition, the trial judge found that a trial on damages was necessary, given the Complaint's insufficiency to support the alleged damages.

The determinant factor in the trial court's decision to grant the partial judgment on the pleadings was the fact that Appellant did not respond to the Complaint's allegations in the manner prescribed by Pa.R.C.P. 1029(b). Rule 1029(b) provides:

[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

Instantly, paragraphs three through ten of Appellant's Answer merely contain the single word "Denied". We agree with the trial court's conclusion that these general denials effectively manifested Appellant's admission to the facts averred in paragraphs three through ten of Appellee's Complaint.

We note that in determining the propriety of the trial court's award of a judgment on the pleadings, we must accept as true all well-pleaded statements of fact of the

party against whom the motion is granted and consider against that party only those facts that are specifically admitted. The grant of a motion for judgment on the pleadings will be affirmed by an appellate court only when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise. *Jones v. Travelers Ins. Co.*, 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986). In the case at bar, paragraphs three through ten of the Complaint encompassed all of the allegations on which Appellee based his claim. By failing to comply with Rule 1029(b), the admission of all allegations and averments resulted in the absence of material issues of fact on the issue of liability. Thus, we find that the trial court correctly granted the partial judgment on the pleadings.

Likewise, we are unconvinced that the partial judgment on the pleadings should be vacated since Appellant could have remedied the pleading defects by amendment. The record demonstrates that Appellee filed his Motion for Judgment on the Pleadings on January 5, 1981. The Motion was partially granted on February 3, 1981. Between these two dates, absolutely no effort was made on Appellant's behalf to forestall the resultant judgment. Instead, Appellant's counsel waited until February 9, 1981, at which time, a brief in opposition to Appellee's Motion for Judgment on the Pleadings was filed. Likewise on that date, Appellant's Motion for Amendment of Defendant's Answer was filed. However, by Order of Court dated February 24, 1981, the trial court refused to consider the motion to amend insofar as it was improperly presented to the court: "the Motion for Amendment of Defendant's Answer was not presented in Business Court and no order or rule to show cause was attached." (Order, 2/24/81, 2).

We are cognizant that leave to amend pleadings has been liberally granted in this Commonwealth. "Pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, *after judgment*, or after an award

has been made and *an appeal taken therefrom."* *Biglan v. Biglan,* 330 Pa.Super. 512, 521, 479 A.2d 1021, 1025–26 (1984). (Emphasis supplied). Nonetheless, we need not consider the propriety of the trial court's action in this matter inasmuch as Appellant's counsel chose to abandon any attempt to amend Appellant's Answer to the Complaint. Once having notice by the trial court that the presentment to the court was defective, Appellant's counsel had the opportunity to cure the flaw. The record reflects, though, that a subsequent motion for leave to amend was never properly presented to the court for consideration. Thus, we are constrained to find that any efforts to amend Appellant's Answer to the Complaint were effectively abandoned.

■ Appellant's fourth argument is that the trial court erred in refusing to grant his Petition to Open Judgment on the Pleadings. However, we are of the opinion that the February 3, 1981 partial judgment on the pleadings is not subject to petitions to open, as is in the case of default judgments. In *Luckenbaugh v. Shearer,* 362 Pa.Super. 9, 523 A.2d 399 (1987), we considered similar factual circumstances. In *Luckenbaugh,* the trial court entered an order dismissing the plaintiffs' case with prejudice for failure to answer the defendant's interrogatories. Later, the plaintiffs filed a petition to strike the dismissal, open judgment and motioned for rule to show cause. The defendant filed an answer to the plaintiffs' motion. Subsequently, the trial court entered an order striking the dismissal and opening the judgment that it previously entered as a sanction for the plaintiffs' failure to timely file answers to interrogatories. In *Luckenbaugh,* we found that the action taken by the trial court was incorrect:

> [t]he judgment entered in this case however, was not entered by confession pursuant to a warrant of attorney. Also, it was not entered by default upon the filing of a praecipe. Rather, it was entered by the trial court in a contested proceeding because of the failure of the plaintiffs to comply with appropriate discovery requests. *As such, it is not subject to attack by a petition for a rule*

*to show cause why judgment should not be open and/or stricken.*

A judgment entered in a contested proceeding which ends the litigation must either be appealed within thirty days or the trial court must expressly grant reconsideration within thirty days from the entry of the judgment. Pa.R. A.P. 1701, 42 Pa.C.S.A.

*Id.*, 362 Pa.Superior Ct. at 13, 523 A.2d at 401 (Emphasis supplied). We find that the rationale espoused in *Luckenbaugh* is dispositive. It is true that the order entering a partial judgment on the pleading was not appealable in the instant case inasmuch as a trial on damages was necessary. Nevertheless, this fact does not render the order subject to a petition to open. Thus, we need not consider Appellant's claim that the trial court should have opened the partial judgment on the pleadings.

█ The fifth argument contains the accusation that Appellee's counsel deceived Appellant's counsel into believing that the sanctionative measures of Rule 31 would not be pursued on Appellee's behalf. Appellant's counsel complains that Appellee's counsel then suddenly petitioned for entry of a judgment on the pleadings. We are nonplussed that an argument of this nature is contained within an appellate brief. It is quite apparent that Appellant's counsel's dissatisfaction with counsel for Appellee's behavior does not evince grounds for appellate relief. We need not grant this argument any further consideration.

█ Appellant raises as a sixth issue the argument that the trial court's January 6, 1981 Order was flawed. It is true that the Order, which directed that Appellee's Motion for Judgment on the Pleadings be filed and entered in the pre-trial watch book, erroneously labeled the document a motion for summary judgment. However, Appellant does not state how this error prejudiced his case. For this reason, this issue must fail.

█ Finally, the seventh argument raised is the allegation that the February 3, 1981 Order was erroneous insofar

as it states that Appellee's Motion for Judgment on the Pleadings was personally served on Appellant's attorney of record. Appellant argues that this method of service was in contravention of Pa.R.C.P. 233(a). Rule 233(a)[1] provided in pertinent part:

> [a]ll legal papers ... shall be served by leaving a copy for or mailing a copy to [a party] at the address of the party or his attorney of record endorsed on an appearance or prior pleading of the party.

Appellant states that Rule 233 mandated that his counsel was to receive notice of Appellee's Motion in the mail at the address endorsed on prior pleadings. Instead, Appellant's counsel received personal service made within Lancaster County. Appellant concedes that the service was efficacious. However, he states that the February 3, 1981 Order should not have been entered because of the procedural misstep. We cannot agree. Pa.R.C.P. 126 provides:

> [t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding *may disregard any error or defect of procedure which does not affect the substantial rights of the parties.*

(Emphasis supplied). Instantly, we find that error in serving Appellant's counsel in no way affected Appellant's substantial rights. Accordingly, we decline to disturb the Order.[2]

Judgment affirmed.

BROSKY, J., files a dissenting opinion.

1. Rescinded June 20, 1985, effective January 1, 1986.

2. Contrary to the view espoused in our colleague the Honorable John G. Brosky's Dissenting Opinion, Appellant has not waived the issues regarding the appropriateness of the partial judgment on the pleadings by failing to preserve them through post-trial motions following the April 23, 1987 Order. Under most circumstances, the entry of a judgment on the pleadings is subject to direct appeal insofar as it terminates the case. The filing of post-trial motions is unwarranted. Pa.R.A.P. 301 (requisites for an appealable order). *See Katz v. Katz,* 356 Pa.Super. 461, 465, 514 A.2d 1374, 1376 (1986) (a final order is

BROSKY, Judge, dissenting:

I respectfully dissent. While I concur with the majority's determination on the merits of each issue presented, I would nonetheless quash the current appeal.

Pa.R.C.P. 227.1 requires that post-trial motions, specifying the grounds for post-trial relief, must be filed within ten (10) days of the filing of a decision in a non-jury trial. See Pa.R.C.P. 227.1(b)(2), (c)(2). Grounds not specified in timely post-trial motions are deemed waived. *Id.*

In the matter *sub judice*, the trial court handed down a final order on April 23, 1987, awarding judgment to appellee in the amount of $18,100.00. That order was entered upon the docket on April 29, 1987. As the order of February 3, 1981, granting appellee's motion for judgment on the pleadings, pertaining to liability, was interlocutory, and hence non-appealable, see *Swift v. Milner*, 296 Pa.Super. 463, 466–467, 442 A.2d 1144, 1146 (1982), the entry of judgment on April 29, 1987 was the first final appealable order, and appellant was bound by Rule 227.1 to file post-trial motions, raising all issues intended to be preserved for appellate

one which either ends the litigation or disposes of the entire case). Thus, once a judgment on the pleadings has been entered, the trial court may modify it only by the grant of reconsideration within 30 days after its entry. Thereafter, the trial court is without jurisdiction to modify or reverse the judgment. Pa.R.A.P. 1701. *See Commonwealth v. Gordon,* 329 Pa.Super. 42, 48, 477 A.2d 1342, 1345 (1984) (applying Rule 1701(b)(3)(ii)'s provision that reconsideration of an order which is the subject of an appeal must be granted within the time prescribed for the filing of a notice of appeal). In the case *sub judice,* the trial court entered a partial judgment on the pleadings only with respect to liability; the case remained open so that a trial on damages might be conducted. As a result, while the determination on the question of liability was "final", it was nonappealable. *Swift v. Milner,* 296 Pa.Super. 463, 466, 442 A.2d 1144, 1146 (1982). This fact, however, in no way affected the "finality" of the partial judgment on the pleadings. There is no case law in Pennsylvania which would suggest that the nonappealability of a "final" order mandates that post-trial motions be filed once the order becomes appealable. Moreover, the partial judgment on the pleadings was filed on February 3, 1981. Thereafter, on April 23, 1987 when the award for damages was assessed, the trial court was without jurisdiction to reconsider the partial judgment on pleadings, or to modify or reverse the order.

review, including the propriety of the grant of partial judgment on the pleadings, within ten days of the entry of judgment.[1]

As appellant failed to file post-trial motions following the entry of judgment on April 29, 1987, I believe appellant has not preserved any issues for determination on the merits, and would quash.

1. The majority does not find the absence of post-trial motions to be problematic in this matter. The majority reasons that the order granting partial judgment on the pleadings as to liability, albeit interlocutory, and nonappealable, was "final" on the question of liability, and incapable of modification or reversal beyond the term of court, thereby obviating the need for post-trial motions. I cannot agree.

In the case of *Yudacufski v. Commonwealth of Pa., Dept. of Transportation*, 499 Pa. 605, 454 A.2d 923 (1982), in which appellant challenged the trial court's denial of his pre-trial motion for change of venue, the Supreme Court held that appellant's failure to include his venue challenge in post-trial motions, under the then-existing Rule 227.1, did not preclude appellate review. In response, Rule 227.1 was amended the following year to clarify that pre-trial civil rulings must be raised in post-trial motions to be preserved for appellate challenge, see Pa.R.C.P. 227.1(b)(1), and the following was included in the Explanatory Comment:

In *Yudacufski v. Commonwealth, Department of Transportation* [cite omitted], the Supreme Court noted that the Rules of Civil Procedure governing post-trial practice 'do not specifically include a requirement that pre-trial rulings must be raised in post-trial motions in order to be preserved.' *Subdivision (b) now contains such a provision.* (Emphasis supplied).

Moreover, it is well settled law that the thirty (30) day term of court rule, which precludes modification or reversal of final, appealable orders after the expiration of thirty (30) days, does not apply to interlocutory orders, which may be modified or reversed after the expiration of the term of court while the proceeding yet remains in the trial court. See *In Re: In the Interest of C.K.*, 369 Pa.Super. 445, 458–459, 535 A.2d 634, 641 n. 3 (1987); see also *Atlantic Richfield Co. v. J.J. White, Inc.*, 302 Pa.Super. 276, 279, 448 A.2d 634, 636 (1982), citing *Commonwealth v. Bowden*, 456 Pa. 278, 309 A.2d 714 (1973). As the order granting partial judgment on the pleadings, albeit "final" on the question of liability, was interlocutory, it was subject to modification or reversal upon the filing of post-trial motions.