J-S03040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOMENIC MARUSCO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD WILKERSON, SHARON WILKERSON, AND DOUGLAS STILLMAN | |
| Appellants | No. 2101 EDA 2014 |

Appeal from the Judgment Entered June 25, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 14-002731

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 18, 2015**

Richard Wilkerson, Sharon Wilkerson, and Douglas Stillman (collectively "the Defendants") appeal from the judgment in the amount of $4,300.00, entered June 25, 2014, in the Delaware County Court of Common Pleas.  Domenic Marusco initiated this landlord tenant action to recover unpaid rents.  Judgment was entered against the Defendants after the trial court granted Marusco's motion for judgment on the pleadings.  On appeal, the Defendants argue the trial court erred in granting judgment on the pleadings because their answer and new matter established issues of material fact regarding the habitability of the property in question.  Based on the following, we affirm.

The facts underlying this appeal are gleaned from Marusco's complaint. Sometime during the 1990's, Richard Wilkerson entered into a verbal

agreement with Marusco to lease a property located at 26 Morton Avenue in Linwood, Pennsylvania. After Wilkerson took possession of the property, Sharon Wilkerson and Douglas Stillman moved in, and the three made timely, monthly rental payments to Marusco until the fall of 2013. On November 14, 2013, Marusco served the Defendants with written notice to vacate the property no later than February 28, 2014.[1] The notice stated the Defendants were in arrears in the amount of $800.00 for past due rental payments, and that they would still be responsible for the $750.00 monthly rent due for December 2013, January 2014, and February 2014. *See* Complaint, 4/9/2014, at Exhibit A, Notice, 11/14/2013. The Defendants failed to pay the arrears, or any rent due in the ensuing three months. The Defendants remained at the property until they were removed on March 24, 2014. *See Id.* at ¶¶ 6-17.

Marusco initiated a suit in the magisterial district court and received a judgment on February 27, 2014. Thereafter, on March 26, 2014, the Defendants filed an appeal to the Delaware County Court of Common Pleas. Marusco subsequently filed a breach of contract complaint on April 9, 2014, asserting the Defendants owed him $4,300.00 for past due rents and repair costs. The Defendants filed an Answer and New Matter on April 28, 2014,

---

[1] Marusco averred the written notice was provided "in accordance with the agreement between the parties." Complaint, 4/9/2014, at ¶ 12.

which contained general denials to most of Marusco's allegations, and asserted that the property was "substantially damaged and made not habitable" as a result of Hurricane Sandy in October of 2012. Answer and New Matter, 4/28/2014, at ¶ 29. Marusco filed a Reply to New Matter on April 29, 2014, followed by a Motion for Judgment on the Pleadings on May 16, 2014. Marusco argued the Defendants' general denials to the allegations in his complaint constituted admissions, and, accordingly, he was entitled to judgment in the amount of $4,300.00. The Defendants failed to respond to Marusco's motion, and, on June 25, 2014, the trial court entered judgment against the Defendants in the amount of $4,300.00. Thereafter, the Defendants filed a motion for reconsideration *nunc pro tunc* on July 14, 2014, followed by a timely appeal on July 21, 2014.[2]

On appeal, the Defendants argue the trial court erred in granting judgment on the pleadings when material facts were in dispute. Specifically, they claim their answers to paragraphs 24 through 28 of the complaint were not general denials, but rather specific denials asserting that (1) an agreement between the parties did not exist and (2) the Defendants were not obligated to pay rent while the property was not habitable. Further, the Defendants assert their New Matter raised an affirmative defense, namely,

_____

[2] The trial court did not order the Defendants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

"that conditions in the premises, the alleged leasehold, were in such disrepair and damaged that they were rendered not habitable breaching [Marusco's] Covenant of Habitability and releasing [D]efendants from their covenant to pay rent during the pendency of the breach."  Defendants' Brief at 6.  The Defendants also assert their failure to answer the motion for judgment on the pleadings was the result of their ill-fated attempts to obtain legal aid.

A party may move for judgment on the pleadings "after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial[.]"  Pa.R.C.P. 1034(a).  When considering the propriety of a trial court's ruling granting judgment on the pleadings, we are guided by the following:

> A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.  In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents.  The scope of review on an appeal from the grant of judgment on the pleadings is plenary.  We must determine if the action of the court below was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Miller v. Nelson*, 768 A.2d 858, 860-861 (Pa. Super. 2001) (citation omitted), *appeal denied*, 782 A.2d 547 (Pa. 2001).

Here, the trial court granted judgment on the pleadings after concluding that the Defendants admitted all the relevant factual averments in Marusco's complaint.  *See* Trial Court Opinion, 9/24/2014, at 1-2.

Pennsylvania Rule of Civil Procedure 1029 provides, in relevant part:

> Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. **A general denial or a demand for proof**, except as provided by subdivisions (c) and (e) of this rule, **shall have the effect of an admission**.

Pa.R.C.P. 1029(b) (emphasis supplied).[3]  Indeed, it is well-settled that "[g]eneral denials constitute admissions where—like here—specific denials are required." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 466-467 (Pa. Super. 2014).

In the present case, the Defendants admitted the first eight paragraphs of Marusco's complaint, and provided the following answer to paragraphs 9 through 22, and 28:  "Denied.  Strict proof of this assertion is demanded at time of trial."  Answer and New Matter, 4/28/2014, at ¶¶ 1-22.  Such denials are deemed admissions pursuant to Rule 1029(b).  As the trial court opined:

> [T]he Defendants effectively admitted that [they] entered into a lease contract with [Marusco], [they] fell behind on rent in the amount of $3,800.00 and [Maruso] incurred costs of $500.00 to clean the property.[4]  … Based upon the fact that the Defendants

_____

[3] Neither Subsections (c) nor (e) is not relevant to the facts in the present case.  *See* Pa.R.C.P. 1029(c) (providing that party's statement "after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment" has the effect of a denial); (e) (relating to actions seeking "monetary relief for bodily injury, death or property damage").

[4] *See* Complaint, 4/9/2014, at ¶¶ 9 (averring "[a]ll Defendants resided in the Property, entered into verbal lease agreements with [Marusco], and made rent payments in accordance with verbal lease agreement for many years"); 10 (averring "[d]uring the year 2013, Defendants began to fall behind on rent"); 18 (calculating "rent due and owing" as $3,800.00); 19 (explaining Defendants left house in "deploable condition"); 20 (averring

*(Footnote Continued Next Page)*

- 5 -

made general denials, this Court properly accepted such as admissions. Furthermore, the Defendants failed to even respond to [Marusco's] Motion for Judgment on the [P]leadings. Therefore, this Court properly deemed the general denials as admissions and entered judgment in the amount of $4,300 against all Defendants[.]

Trial Court Opinion, 9/24/2014, at 2.

We agree with the ruling of the trial court. While we acknowledge that the Defendants now claim they raised material issues of fact in their specific denials to paragraphs 24 through 27 of the complaint and their affirmative defense pled in new matter, we find this argument belated. Indeed, as the trial court pointed out in its opinion, "Defendants failed to even respond to [Marusco's] Motion for Judgment on the [P]leadings." *Id.* Accordingly, the Defendants have waived the right to provide an explanation for their general denials to the substantive facts supporting Marusco's right to relief.[5] *See Swift v. Milner*, 538 A.2d 28, 31 (Pa. Super. 1988) (rejecting appellant's claim that counsel could have corrected pleading defects by filing amended answer; "[o]nce having notice by the trial court that the presentment to the court was defective, Appellant's counsel had the opportunity to cure the

*(Footnote Continued)* ─────────────

"[Marusco] has incurred costs of approximately $500.00 associated with cleaning and repair of Property as a result of Defendants' actions").

[5] We also reject the Defendants' attempt to place blame for their failure to respond on their ill-fated attempt to obtain legal aid. The Defendants do not claim that they failed to receive Marusco's motion. Thus, it was incumbent upon the Defendants to file a timely reply.

flaw" but never filed motion for leave to amend, and "effectively abandoned" efforts to cure defect).

Accordingly, because we find no error on the part of the trial court in granting the motion for judgment on the pleadings, we affirm the judgment entered in favor of Marusco.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015