J-A18006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACOBS BROTHERS EVANGELISTIC ASSOCIATION D/B/A KING'S KIDS' CAMP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPHINE P. KNOLL, | |
| Appellant | No. 1948 MDA 2015 |

Appeal from the Order Entered October 7, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): 2014-SU-002283-91

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 13, 2016**

Appellant, Josephine P. Knoll, appeals *pro se* from the trial court's order entered October 7, 2015, granting Appellee's, Jacobs Brothers Evangelistic Association d/b/a King's Kids' Camp, motion for judgment on the pleadings and entering judgment against Appellant for possession of the premises, nine hundred fifty dollars ($950.00) for unpaid rent, and rents paid to the Prothonotary in escrow by Appellant, in addition to interest and costs of suit.[1]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This order was dated October 6, 2015, but was not docketed until October 7, 2015.

The trial court set forth the facts and procedural history of this case as follows:

> This matter is before the [c]ourt on [Appellee's] Motion for Judgment on the Pleadings. [Appellee] filed a Complaint on July 21, 2014, seeking possession of the campground and unpaid rent against [Appellant]. [Appellee] alleges that Diana Myrvang [Executive Director of Love, Inc. in Hershey, Pennsylvania,] informed [Appellee] that [Appellant] was homeless and needed a place to park a trailer purchased for her by four churches. [Appellee] avers that it agreed to a three month lease with [Appellant] beginning August 1, 2013. [Appellee] avers that [Appellant] moved into the campground and did not maintain her site and trailer in a clean and orderly condition despite repeated requests by [Appellee] to clean up.

> [Appellee] contends that by correspondence dated October 15, 2013, [Appellee] notified [Appellant] about the condition of her site and asked [Appellant] to begin to look for another place to live. [Appellee] avers that [Appellant] remained on the campground but that it chose not to evict [Appellant] during the winter and would permit her to stay until April 1, 2014. [Appellee] alleges that on March 13, 2014, [Appellee] posted a letter on [Appellant's] trailer giving her notice to vacate the premises by April 13, 2014. [Appellee] contends that [Appellant] continues to remain in possession of the leased premises despite notice to vacate and is in arrears in rent in the amount of $950.00.

> [Appellant] filed an Answer to the Complaint and New Matter on August 11, 2014, in which she effectively admitted all allegations of [Appellee's] Complaint.

> On May 7, 2015, [Appellee] filed a Motion for Judgment on the Pleadings, contending that there are no genuine issues of material fact to be tried and that [Appellee] is entitled to judgment as a matter of law and the pleadings pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure. [Appellant] filed a Reply to [Appellee's] Motion on May 26, 2015. [Appellee] filed a Brief in Support of its Motion for Judgment on the Pleadings on July 2, 2015. [Appellant] filed a Brief in Opposition on July 22, 2015.

[Appellee] filed a Praecipe to list this matter for One Judge Disposition on July 2, 2015, and this matter was assigned to the undersigned Judge on July 10, 2015.

Trial Court Opinion (TCO), 10/6/15, at 1-2 (internal citations omitted). Ultimately, upon review, the trial court concluded that "the responses in [Appellant's] Answer to [Appellee's] Complaint are either direct admissions to the averments or are insufficient denials which constitute an admission. As such, there are no facts in dispute." *Id.* at 4. Further, the trial court noted that "the allegations in [Appellant's] New Matter are irrelevant to the issue of whether [Appellant] could properly occupy the campsite and such allegations do not give rise to an adequate defense to [Appellee's] Complaint." *Id.* at 4-5. Finding that there were no facts in dispute, the trial court determined that Appellee was entitled to judgment on the pleadings. *Id.* at 5. Judgement was entered against Appellant on October 7, 2015.

Appellant filed a timely notice of appeal on November 5, 2015, contesting the trial court's order granting Appellee's motion for judgment on the pleadings. The trial court did not direct Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

In her appellate brief, Appellant raises the following issues for our review:

A. Did the trial judge abuse his discretion by not granting [Appellant] a continuance to get legal coun[sel] and to stabilize her medical condition[?]

B. Did the trial court abuse [its] discretion by releasing the escrow amount of $6,400 prior to 30 days allowed for the appeal to the Superior Court[?]

C. Did trial judge abuse his discretion by not allowing a trial so [Appellant] could subpoena doctors to discuss her mental state/competency due to her medical conditions and witnesses to discuss rent and habitability[?]

D. [Did the] [t]rial judge abuse[] his discretion by stating [Appellant] didn't keep camp area clean[?]

E. [Appellant] is questioning rental amount due to no lease and time allowed there[.]

F. On 8/11/2014 [Appellant] filed a[n] [] Answer to complaint due to impaired mental state of being possibly incapacitated, which [] needed to be proved at trial by her doctors[.]

G. [Appellant] is questioning the back rent of $950 and cost of suit[.]

Appellant's Brief at 8-9.

We apply the following standard of review:

Our scope and standard of review in an appeal of an order granting a motion for judgment on the pleadings is well settled: this Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*LSI Title Agency, Inc. v. Evaluation Services, Inc.*, 951 A.2d 384, 389

(Pa. Super. 2008) (internal citations omitted).

Initially, we note that Appellant's brief contains serious deficiencies. Appellant raises various issues without providing any legal authority in support. For instance, with respect to the first issue regarding whether the

trial judge abused his discretion by not granting Appellant a continuance, she argues:

> [Appellant] is 100% disabled with diabetes, hypertension, hyperlipidemia, arthritis, osteoporosis, morbid obesity, Vitamin D deficiency, depression and limited use of the left leg.
>
> [Appellant] had one prior continuance on 1/28/15 regarding the arbitration hearing which was held on January 30, 2015. The [trial judge] had not given an order that I could not request any more continuances. I asked for the continuance the day before the oral argument which may have to do with my mental incapacitation due to high blood sugar.

Appellant's Brief at 11-12. All of Appellant's other argument sections are similarly devoid of adequate legal authority.

Pennsylvania Rule of Appellate Procedure 2119(a) sets forth that "[t]he argument section shall … have … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). It is well established that "[a]ppellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (internal citations omitted). Furthermore, "[w]e will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.,* 44 A.3d 657, 674 (Pa. Super. 2012) (internal citations and quotations omitted). *See also*

*Cole v. Czegan*, 722 A.2d 686, 687 (Pa. Super. 1998) ("We are mindful that appellant is proceeding *pro se*. However, [the] appellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues.") (emphasis omitted). Accordingly, we conclude that Appellant has waived many of the issues raised in her appeal. Thus, we will confine our review to the issues raised by Appellant that we deem discernible and adequately supported.

The crux of Appellant's brief appears to question whether the trial court properly granted Appellee's motion for judgment on the pleadings, which disposed of the case without affording Appellant the opportunity to engage in discovery and go to trial. Upon review, we conclude that the trial court properly granted Appellee's motion for judgment on the pleadings. Pennsylvania Rule of Civil Procedure 1029 states: "A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder." Pa.R.C.P. 1029(a). Further, "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof … shall have the effect of an admission." Pa.R.C.P. 1029(b). By way of example, this Court has granted partial judgment on the pleadings where the appellant did not respond to the complaint's allegations in accordance with the requirements of Rule 1029(b). *See Swift v. Milner*, 538 A.2d 28,

30-31 (Pa. Super. 1988).  In that case, "paragraphs three through ten of [the] [a]ppellant's [a]nswer merely contain the single word 'Denied'." **Id.** at 31.  Consequently, this Court determined that "these general denials effectively manifested [the] [a]ppellant's admission to the facts averred in paragraphs three through ten of [a]ppellee's [c]omplaint. [] By failing to comply with Rule 1029(b), the admission of all allegations and averments resulted in the absence of material issues of fact on the issue of liability." **Id.**

Here, Appellant responded to various allegations in Appellee's Complaint with the response "denied strict proof demanded at trial."  Finding these to be insufficient denials which constitute an admission under Rule 1029, the trial court determined that no facts were in dispute.  TCO at 4-5. We agree.

Furthermore, the trial court correctly concluded that the allegations in Appellant's New Matter were irrelevant and did not constitute an adequate defense to Appellee's Complaint.  Appellant's New Matter raises, *inter alia*, allegations about her health, discrimination, and the habitability of the camp, but none of these claims were sufficiently pled.  **See** Pa.R.C.P. 1019(a) ("The material facts on which a cause of action *or defense* is based shall be stated in a concise and summary form.") (emphasis added); **Iorfida v. Mary Robert Realty Co., Inc.,** 539 A.2d 383, 387 (Pa. Super. 1988)

("There is no necessity to name the defense asserted so long as facts sufficient to constitute the defense are pled.").[2]  Thus, we ultimately conclude that the trial court did not err in granting Appellee's motion for judgment on the pleadings.

_____

[2] For instance, in her Answer, Appellant attempts to raise an implied warranty of habitability argument to support reducing her rent payments, asserting, "I could not get water into my camper most of the winter.  The lease says I pay $400.00 for rent, water, and electric.  [] Nothing was ever deducted from the rent for this."  Answer, New Matter, 8/11/14, ¶ k.  However, she omits several material facts necessary for pleading that Appellee breached the implied warranty of habitability.  *See Staley v. Bouril*, 718 A.2d 283, 285 (Pa. 1998) ("[A] tenant must prove that he or she gave notice to the landlord of the defect or condition, that the landlord had a reasonable opportunity to make the necessary repairs, and that the landlord failed to do so.") (internal citations and quotations omitted).  Appellant never mentions whether Appellee received notice of the lack of water, had a reasonable opportunity to make the necessary repairs, and failed to remedy such defects.  As such, we agree with the trial court that "such allegations do not give rise to an adequate defense to [Appellee's] Complaint."  TCO at 5.

Because we determine that Appellant did not properly raise a defense under the implied warranty of habitability in her Answer, Appellee was not entitled to a deduction in her rent payments.  Thus, we conclude that the trial court did not err in awarding Appellee possession of the premises, past due rent, and rents paid to the Prothonotary in escrow by Appellant, together with interest and costs of suit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/13/2016</u>