J-S34018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVENS & LEE, P.C., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TED A. CRESSWELL, | |
| Appellant | No. 1832 MDA 2015 |

Appeal from the Order Entered September 21, 2015
In the Court of Common Pleas of Berks County
Civil Division at No: 15-12326

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 01, 2016**

Appellant, Ted A. Cresswell ("Cresswell"), appeals from the September 21, 2015 order of the Court of Common Pleas of Berks County ("trial court"), granting Stevens & Lee, P.C.'s ("S&L") motion for judgment on the pleadings.  Upon review, we affirm.

The trial court provided the following factual and procedural history:

> [S&L] brought suit against [] Cresswell, Appellant, on May 18, 2015[,] for two counts of [b]reach of [c]ontract.  [S&L] alleged that [Cresswell], a former client, failed to pay legal bills after hiring [S&L] to represent him on one criminal and two civil matters.  [Cresswell] signed two engagement letters after hiring [S&L] in 2013 agreeing to specified hourly rates and retainers.  *See* Complaint Exhibit A and B. [S&L] alleges that [Cresswell] has paid only $25,000.00 of his legal bills, leaving an unpaid balance of $133,549.79.
>
> [Cresswell] filed an answer to [S&L's] [c]omplaint on June 29, 2015[,] after which [S&L] filed a [m]otion for [j]udgment on the [p]leadings which was granted by [the trial court] on September 21, 2015.

Trial Court Opinion, 12/10/15, at 1.  This appeal followed.

On appeal, Cresswell raises two intertwined issues for review.

> I. Whether the [t]rial [c]ourt erred in granting [j]udgment on the [p]leadings when there was clearly a dispute as to material facts when [Cresswell] denied with sufficient specificity the allegations in the [c]omplaint in civil action?
>
> II. Whether the [t]rial [c]ourt erred in granting [j]udgment on the [p]leadings by finding that [Cresswell's] denials were not sufficiently specific such that they would be deemed an admission?

Appellant's Brief at 4.

This Court's standard of review of an order granting judgment on the pleadings is well established.

> Appellate review of an order granting judgment on the pleadings is plenary and we apply the same standard employed by the trial court. Our review is confined to the pleadings and relevant documents. We must accept as true all well pleaded statements of facts, admissions, and any documents properly attached to the pleadings presented by the party against whom the motions is filed, considering only those facts that were specifically admitted.

**Southwestern Energy Prod. Co. v. Forest Res., LLC**, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted). "The grant of a motion for judgment on the pleadings will be affirmed by an appellate court only when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise." **Swift v. Milner**, 538 A.2d 28, 31 (Pa. Super. 1988) (citation omitted).

Due to the interconnected nature of Cresswell's issues, this Court will first address Cresswell's second issue: whether the trial court erred by finding that Cresswell's denials were not sufficiently specific and deemed an admission. Pennsylvania Rule of Civil Procedure 1029, requires that:

    (a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

    (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

    (c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

    (d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

    (e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:

        (1) averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person and the ownership, possession or control of the property or instrumentality involved;

        (2) if a pleading seeks additional relief, averments in support of such other relief; and

        (3) averments in preliminary objections.

Pa.R.C.P. No. 1029.

      In **Swift**, a panel of this Court held that where the salient paragraphs contained the single word "Denied," these general denials manifested admission to the facts averred in the complaint and judgment on the pleadings was warranted. **Swift**, 538 A.2d at 31.

- 3 -

In the matter *sub judice*, Cresswell's answers to the material allegations in the complaint are "[a]dmitted,"[1] "[t]he document speaks for itself,"[2] and "[d]enied and strict proof demanded."[3]  The trial court found that the responses "[d]enied and strict proof demanded" constituted general denials pursuant to Rule 1029(b).  We agree.  Rule 1029(b) clearly states that a "general denial or demand for proof . . . **shall** have the effect of an admission."  Pa.R.C.P. No. 1029(b) (emphasis added).  Cresswell's argument fails.

Next, Cresswell argues that the trial court's grant of judgment on the pleadings was in error because there was a dispute as to the material facts.  As discussed above, all of Cresswell's general denials have the effect of an admission; therefore, all of the facts in the complaint have been admitted and there is no dispute as to the material facts.  Cresswell's argument fails.

Cresswell further argues that the trial court could have provided Cresswell an opportunity to amend his answer rather than enter judgment.  Cresswell did not include this issue in his concise statement; therefore, the issue is waived.  **See** Pa.R.A.P. 1925(b).  Even if this Court did not find waiver, Cresswell would not be entitled to relief.  In **Swift**, this Court held

---

[1] In response to ¶¶ 1, 2, 6, 8, 14, and 16 of the complaint.

[2] In response to ¶¶ 7 and 15 of the complaint.

[3] In response to ¶¶ 9, 10, 17, and 18 of the complaint.

- 4 -

that an identical argument was abandoned because there was no effort to amend the answer made in the trial court between the date the motion for judgment on the pleadings was filed and the date it was granted.[4] **Swift**, 538 A.2d at 31. In the matter *sub judice*, Cresswell did not file any document or pleading, including an answer to the motion for judgment on the pleadings, between the filing of the answer to the complaint and the notice of appeal. This argument fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016

---

[4] In **Swift**, there was a motion for amendment of answer filed after judgment on the pleadings was entered; however, it was denied pursuant to a local rule. This Court found that the appellant abandoned the issue as there was no attempt to remedy the flaw in the motion. **Swift**, 538 A.2d at 31.