J-A13024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DOLLAR BANK, FEDERAL SAVINGS BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES T. HAWKINS AND JANE M. HAWKINS | |
| Appellants | No. 1064 WDA 2015 |

Appeal from the Order June 17, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-09-6271

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:　　　　　**FILED NOVEMBER 15, 2016**

Appellants, Charles T. Hawkins and Jane M. Hawkins (together "Appellants"), appeal from the June 17, 2015 order of the Court of Common Pleas of Allegheny County ("trial court") granting Appellee's, Dollar Bank, Federal Savings Bank ("Bank"), motion for judgment on the pleadings.  Upon review, we affirm.

"Between 2002 and 2008, [the Bank], made a total of four loans to [Appellants], totally approximately $1,605,786.14.  The loans were secured with the [Hawkineses'] real property and business assets as well as the property of other guarantors."  Trial Court Opinion, 7/22/15, at 1.  The instant action began on March 30, 2009, when the Bank filed a complaint in confession of judgment.  On April 15, 2009, Appellants filed a petition to open the confession of judgment.  On April 17, 2009, the Bank filed a return

of service of the notice of confession of judgment pursuant to Pa.R.C.P. No 2958.1. On April 29, 2009, the Appellants filed a petition for a rule to show cause why confessed judgment should not be opened and sought to stay execution proceedings. On May 5, 2009, the Bank filed a second return of service of the notice of confession of judgment.

The Bank filed a response to Appellants' petition for rule to show cause on June 1, 2009. On June 24, 2009, the trial court issued a rule to show cause and directed the parties to schedule argument by praecipe. On October 14, 2009, Appellants filed a praecipe to withdraw, with prejudice, the petition for rule to show cause. After the parties submitted a consent motion to vacate the trial court's order, the rule to show cause was vacated on October 16, 2009.

On March 21, 2014, the Bank filed a praecipe for writ of revival. On June 27, 2014, the Bank filed an affidavit of service of writ of revival and filed an amended affidavit on July 1, 2014. On July 16, 2014, Appellants filed an answer and new matter to the writ of revival. The Bank filed a reply on August 5, 2014. The Bank filed a motion for judgment on the pleadings on the writ of revival on March 20, 2015, which the trial court granted on June 17, 2015. Appellants filed a timely appeal on July 15, 2015. The trial court filed an opinion on July 22, 2015, in lieu of ordering Appellants to file a concise statement of matters complained of on appeal.

Appellants raise a sole issue on appeal. "Was it proper for the [trial] court to grant the [Bank's] motion for judgment on the pleadings without

- 2 -

making any factual determinations, based solely upon the [trial court's] summary consideration of such pleadings?" Appellants' Brief at 4.

This Court's standard of review of an order granting judgment on the pleadings is well established.

> Appellate review of an order granting judgment on the pleadings is plenary and we apply the same standard employed by the trial court. Our review is confined to the pleadings and relevant documents. We must accept as true all well pleaded statements of facts, admissions, and any documents properly attached to the pleadings presented by the party against whom the motions is filed, considering only those facts that were specifically admitted.

***Southwestern Energy Prod. Co. v. Forest Res., LLC***, 83 A.3d 177, 185 (Pa. Super. 2013)(citation omitted). "The grant of a motion for judgment on the pleadings will be affirmed by an appellate court only when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise." ***Swift v. Milner***, 538 A.2d 28, 31 (Pa. Super. 1988) (citation omitted).

It is likewise well established that there are only three cognizable defenses to a writ of revival of judgment proceeding. ***PNC Bank, National Association v. Balsamo***, 634 A.2d 645, 649 (Pa. Super. 1993). These defenses are that the judgment does not exist, the judgment has been paid, or the judgment has been discharged. ***Id.***

In the matter *sub judice*, Appellants have not raised any of these defenses. Appellants are instead asserting that the Bank failed to

consolidate the action with another judgment, failed to provide notice to Appellants' attorney in the related matter, and the sale price was woefully inadequate. *See* Appellants' Brief at 9. These challenges are not proper in a challenge to a writ of revival and are instead attempts to challenge the underlying judgment, which is impermissible. ***See Balsamo***, 634 A.2d at 649 (citing ***Triangle Building Supplies and Lumber Co. v. Zerman***, 363 A.2d 1287, 1289 (Pa. Super. 1976) (reiterating the well-established law that in a proceeding to revive a judgment, the courts will not entertain any inquiry into the merits of the original judgment.")). As these challenges are not appropriate to a writ of revival of judgment, the Bank's right to succeed was certain and the trial court did not err in granting judgment on the pleadings.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2016