J-A08026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS C. ROY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER CERONE AND PETERBUILT | : | |
| CONSTRUCTION, LLC | : | |
| | : | No. 2029 EDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered April 17, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  03406 April Term, 2018.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED AUGUST 11, 2020**

Defendants Peter Cerone and Peterbuilt Construction, LLC, ("Contractors") appeal from the judgment entered in favor of the plaintiff Thomas C. Roy on Roy's motion for judgment on the pleadings.  Upon review, we reverse and remand.

The trial court summarized the relevant facts and procedural history of this case as follows:

> This action commenced on April 24, 2018, when plaintiff Thomas C. Roy ["Roy"]), filed a complaint against defendants Peter Cerone and Peterbuilt Construction, LLC, ["Contractors"]. The complaint specifically alleged that the [Contractors] had agreed to perform renovation work upon an investment property owned by [Roy], had received from [Roy] Plaintiff an advance payment of $88,252.00 toward a contract amount of [$]99,000.00, and had reneged on their obligations without completing the work or offering an explanation.  [Roy's] complaint asserted against the

[Contractors] two claims: breach-of-contract and unjust enrichment.

The [Contractors] failed to answer [Roy's] complaint; therefore, judgment by default was entered against them on July 9, 2018. On July 18, 2018, [Contractors] timely filed a petition to open the default judgment, and attached thereto a Proposed Answer to [Roy's] complaint. On December 4, 2018, this Court opened the default judgment and instructed the [Contractors] to file their Answer to [Roy's] complaint within ten days. This [c]ourt opened the judgment because the [Contractors] had attached to their Proposed Answer a verification subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities. This Court thus reasoned that notwithstanding a lack of specific denials in the Proposed Answer, as required under Pa. R.C.P. 1029(b), [Contractors] nevertheless created the bases for the establishment of a "meritorious defense" by attaching a verification which exposed them to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities. [Contractors] however filed no Answer to [Roy's] Complaint, notwithstanding the [c]ourt's specific instruction that the Answer be timely filed.

On December 21, 2018, [Roy] filed a motion for judgment on the pleadings. This motion argued that the [Contractors'] Proposed Answer to the Complaint had failed to specifically deny the allegations therein, in violation of Pa.R.C.P. 1029(b). The motion thus concluded that the general denials contained in the [Contractors'] Proposed Answer should be deemed as admissions, and judgment on the pleadings should be granted in favor of [Roy]. This [c]ourt granted the un-answered motion for judgment on the pleadings and entered judgment in favor of [Roy] because the [Contractors], by failing to file an Answer to [Roy's] Complaint, had admitted the factual allegations therein. Stated another way, the [Contractors'] failure to deny the factual allegations in [Roy's] Complaint cleared the dispute of any issues of material fact; therefore, the Court determined that [Roy] Plaintiff was entitled to judgment on the pleadings.

On April 26, 2019, [Contractors] filed a motion for reconsideration; subsequently, on May 16, 2019, [Contractors timely] appealed the Order of this Court granting [Roy's] motion for judgment on the pleadings. On July 22, 2019, this [c]ourt denied the motion for reconsideration as moot.

- 2 -

Trial Court Opinion, 9/10/19, at 1-3 (citations and footnotes omitted). The trial court and Contractors complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Contractors raise the following two issues:

A. Whether the [trial court] erred in granting judgment on the pleadings when the pleadings and the documents attached thereto create material issues of fact and trial would not be a fruitless exercise.

B. Whether the [trial court] erred in a breach of construction contract action by entering judgment on the pleadings against [Contractors] in the full amount paid to [them] when the complaint did not contain sufficient facts to support a judgment in that amount without an assessment of damages?

Contractor's Brief at 3.

Preliminarily, we note that our scope and standard of review regarding judgment on the pleadings are well-settled:

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. [We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits.] Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute . . . . We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***John T. Gallaher Timber Transfer v. Hamilton***, 932 A.2d 963, 967 (Pa. Super. 2007) (quotation marks and citations omitted).

Contractors claim that the trial court erred in entering judgment on the pleadings. Specifically, they claim that material issues of fact regarding their liability existed, as did issues regarding Roy's damages. Thus, according to Contractors, the entry of judgment in the amount of $88,252 was improper. [1] Contractor's Brief at 9-13.

The trial court explained that it granted judgment on the pleadings against Contractors because they failed to file a responsive pleading to Roy's complaint after the court opened the default judgment. As a result, Contractors admitted the factual allegations in Roy's complaint. Trial Court Opinion, 9/10/19, at 3. The trial court reasoned that, by failing to file a responsive pleading, Contractors admitted all of the facts necessary to establish Roy's claims against them. Consequently, with no material facts in dispute, judgment on the pleadings was appropriate. ***Id.*** We disagree. [2]

---

[1] Contractors also argue that the complaint did not have a verification attached to it, and thus there was no factual basis upon which the court could enter judgment. Brief at 10. Although they are correct that generally a judgment should not be entered based upon an unverified complaint, they failed to raise this issue before the trial court by preliminary objection. Technical defects in an opponent's pleading, such as a challenge to the validity of a verification, i.e., failure to conform to law or rule of court, should be raised by filing preliminary objections to the complaint. Pa.R.C.P. 1028. Failure to do so results in waiver. Pa.R.C.P. 1032(a).

[2] The trial court subsequently opined that it should not have opened the default judgment based upon the proposed answer which contained only

In reaching its decision, the trial court relied upon ***Landis v. City of Philadelphia***, 369 A.2d 746 (Pa. Super. 1976), and ***Noel v. Puckett***, 235 A.2d 380 (Pa. Super. 1967).  Trial Court Opinion, 9/10/19 at 3 fn.3.  Both of these cases were based upon former Rule of Civil Procedure 1045, which applied to trespass actions.[3]  Pa.R.C.P. 1045, rescinded effective July 1, 1984; ***see*** Pa.R.C.P. 1029 cmt.  Generally speaking, prior to 1984, a defendant was not required to file a responsive pleading in a trespass action.  ***See*** Pa.R.C.P

_____

general denials.  Trial court Opinion, 10/11/19, at 2-3.  However, there was no appeal from this decision.

[3] This rule provided:

> (a) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied.

> (b) All affirmative defenses, including but not limited to those enumerated in Rule 1030, and the defenses of consent, qualified privilege, fair comment, truth and justification, and, unless previously raised by demurrer and sustained, the defenses of statute of limitations and statute of frauds shall be pleaded under the heading "New Matter." A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. The defenses of contributory negligence and assumption of risk need not be pleaded. A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of risk.

***Mackey v. Adamski***, 429 A.2d 28, 29 (Pa. Super. 1981) (quoting Pa.R.C.P. 1045, rescinded effective July 1, 1984), overruled by, ***LeFlar v. Gulf Creek Indus. Park No. 2***, 515 A.2d 875 (Pa. 1986).

1029 cmt.; **Fleck v. Hugh**, 361 A.2d 410 (Pa. Super. 1976). Under former Rule 1045(a), a party in a trespass action was required only to "file a responsive pleading to averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. . . ." Failure to do so resulted in those averments being deemed admitted. **See** Pa.R.C.P. 1029 cmt. Additionally, under Rule 1045(b), a plaintiff who failed to file a reply to the averments of a defendant's new matter were deemed to admit all such averments of fact. Pa.R.C.P. 1045(b), rescinded effective July 1, 1984.

Both **Noel** and **Landis** were trespass actions, and as such, the provisions of Pa.R.C.P. 1045 applied. In **Noel**, the allegations in the complaint pertained to identity, agency, employment, ownership, possession or control, which were addressed by Pa.R.C.P. 1045(a), and consequently, were deemed admitted. In **Landis**, the plaintiff failed to answer the City's new matter, which under Pa.R.C.P. 1045(b) resulted in plaintiff's admission of the factual averment that he had not given the requisite six-month notice to the City. Here, the trial court's reliance on those cases was misplaced. Those cases did not create a general rule that where a party fails to file a responsive pleading, any factual averments in a complaint are admitted. Instead, such a rule only applied to trespass cases covered by former Rule 1045.

Critically, in 1984 the Pennsylvania Supreme Court rescinded Rule 1045, and consolidated it with Pa.R.C.P. 1029. Rule 1029(e) similarly requires a

party in an action seeking monetary relief for bodily injury, death or property damage to specifically deny those types of averments, otherwise they will be admitted. Pa.R.C.P. 1029(e). However, because the instant case involves a contract, and not a claim for bodily injury, death or property damage, Rule 1029(e) does not apply. We, therefore, conclude that the trial court erred when it entered judgment on the pleadings for the reason it stated.

Nonetheless, Roy argues that the trial court properly entered judgment in his favor on other grounds. Specifically, he claims that because Contractors generally denied the allegations set forth in Roy's complaint, in the proposed answer they attached to their petition to open the default judgment, those general denials became admissions under Pa.R.C.P. 1029(b). Thus, Roy maintains that Contractors admitted all relevant factual averments to establish his claims for breach of contract and unjust enrichment, and judgment on the pleadings was proper. Roy's Brief at 2-4.

Pennsylvania Rule of Civil Procedure 1029 provides, in relevant part:

Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. **A general denial or a demand for proof,** except as provided by subdivisions (c) and (e) of this rule, **shall have the effect of an admission.**

Pa.R.C.P. 1029(b) (emphasis added).[4] It is well-settled that general denials constitute admissions where specific denials are required. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 466–467 (Pa. Super. 2014).

---

[4] We note that neither subdivision (c) or (e) applies here.

Additionally, Rule 1034 provides that any party may move for judgment on the pleadings "after the pleadings are closed, but within such time as not to unreasonably delay trial. . . ." Pa.R.C.P. 1034(a). "A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." **Consolidation Coal Co. v. White**, 875 A.2d 318, 325–26 (Pa. Super. 2005).

Combining these two rules, this Court has previously held that, where the state of the record, at the close of the pleadings, is such that the allegations of the complaint have been deemed admitted by the defendant's failure to specifically deny the allegations, and no effort is made to cure such pleading defects, judgment on the pleadings may be entered. **Swift v. Milner**, 538 A.2d 28, 31 (Pa. Super. 1988). In **Swift**, the defendant answered pertinent paragraphs of the complaint with the single word, "Denied." This Court found that those general denials established admissions to the facts averred in the complaint and judgment on the pleadings was warranted. **Swift**, 538 A.2d at 31.

Here, however, the Contractors never actually filed an answer to Roy's complaint. They only attached a proposed answer to petition to open the default judgment. Rule 1017 defines pleadings to include an answer to the

complaint. Pa.R.C.P. 1017(a)(1). With no answer properly filed, the trial court had no authority to grant judgment on the pleadings in this case.[5]

We conclude that the entry of judgment in Roy's favor was legal error. Therefore, we are compelled to vacate the judgment and remand to the trial court for further proceedings.[6]

Judgment vacated and matter remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2020

---

[5] Instead, when a defendant fails to file an answer, the plaintiff's remedy is to move for a default judgment under Pa.R.C.P. 1037. *See, e.g., **Vogel v. Berkley**, 40 Pa. D. & C.3d 339 (Pa. Super. 1985) (citing **Poliquin v. Heckler**, 597 F.Supp. 1004, 1006 (D.Me. 1984) ("Since the pleadings are not closed until after the defendant has filed an answer, the proper course for a plaintiff in a case in which the defendant has failed to file a timely answer is a motion for default under [Federal] Rule 55."); **General Motors Corp. v. Blevins**, 144 F.Supp. 381, 389 (D.Colo. 1956). Thus, Roy could have filed another motion for default judgment, but he could not file for judgment on the pleadings. We express no opinion whether such a motion would be successful on the facts of this case.

[6] In light of our disposition, we need not address Contractors' second issue.